Denis E. DEHNE, Plaintiff–Appellee,

v.

The UNITED STATES, Defendant–
Appellant.

No. 92–5024.

United States Court of Appeals,
Federal Circuit.

July 30, 1992.

John C. Morrison, Morrison & Reynolds, of Alexandria, Va., argued for plaintiff-appellee.

John S. Groat, Attorney, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellant. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and James M. Kinsella, Asst. Director. Also on the brief was Captain William R. Swanson, Dept. of the Air Force, of counsel.

Before RICH, CLEVENGER and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

The United States appeals the July 3, 1991 decision of the United States Claims Court granting summary judgment in part

to Denis Dehne. The Claims Court granted Dehne a $1,265.47 entitlement and, in addition, basic pay for constructive inactive duty training credits. *Dehne v. United States*, 23 Cl.Ct. 606, 621 (1991); *Dehne v. United States*, No. 730–86C (Cl.Ct. Sept. 19, 1991) (entry of judgment). Because we determine that Dehne has failed to state a claim on which relief may be granted for pay for constructive service, we vacate the judgment and remand to the Claims Court with instructions to enter judgment for $1,265.47 only and dismiss the balance of Dehne's complaint.

I

Dehne was appointed captain in Nevada's Air National Guard in December 1967, *see* 32 U.S.C. §§ 101–111 (1988) and 10 U.S.C. § 101(12) (1988), and, following recognition by the federal government, Dehne became an officer in the Air National Guard of the United States. *See* 10 U.S.C. §§ 101(13), 8351(a) (1988); 32 U.S.C. § 307 (1988). In 1972, Dehne was promoted to the grade of major in the Air National Guard of the United States. In December 1982, however, the Air National Guard of the United States terminated Dehne's active status as an officer after two selection boards, constituted in 1980 and 1981, did not select Dehne for promotion to lieutenant colonel. The Air Force first transferred Dehne to the Nonaffiliated Reserve Section and then, in 1983, assigned him to the Retired Reserve Section. At that time the Air Force credited Dehne with 20 years, 9 months, and 4 days of satisfactory federal service. *Dehne*, 23 Cl.Ct. at 608–09.

In 1980, Dehne filed the first of several appeals with the Air Force Board for the Correction of Military Records (Air Force Board). He asked the Air Force Board to void certain Officer Effectiveness Reports relied upon by the selection boards, correct his military records, reinstate him as a pilot, and reimburse him for lost pay. The Air Force Board initially denied Dehne's appeal. In 1986, Dehne filed a complaint in the Claims Court to toll the statute of limitations on his claims; the court suspended its proceedings in January 1987.

Shortly after Dehne filed his complaint in the Claims Court, the Air Force Board, on reconsideration, granted Dehne substantial relief. *Inter alia*, the Air Force Board voided seven Officer Effectiveness Reports, voided Dehne's transfer to the Nonaffiliated Reserve Section, corrected Dehne's records constructively to show he was promoted to lieutenant colonel in September 1981 and assigned him, effective December 12, 1982, to the Ready Reinforcement Personnel Section of the Air Force Reserve. The corrected records showed that Dehne constructively served in this section of the Air Force Reserve until September 1987. The Air Force Board created this service record by adding 15 membership points and 35 inactive nonpaid duty points for each year of constructive reserve service, from September 11, 1982 through September 10, 1987, a period when Dehne did not perform any military duties.

Following the Air Force Board's corrections of Dehne's record, the Air Force offered to pay Dehne $1,265.47, the salary difference between the grades of major and lieutenant colonel for the period between September 12, 1981 and December 5, 1982 when Dehne was still an officer in the Air National Guard of the United States. Dehne refused this payment.

The Claims Court proceedings resumed on July 20, 1989 when Dehne filed an amended complaint under the Tucker Act, 28 U.S.C. § 1491 (1988), requesting back pay as a lieutenant colonel for the five year period of constructive military service added to his record in addition to the pay of $1,265.47 for his last period of active service.

The Claims Court determined that it had jurisdiction to review Dehne's Tucker Act claim because the Air Force Board's decision rendered Dehne a federal employee for purposes of judicial review of that decision. *Dehne*, 23 Cl.Ct. at 611–12. The Claims Court further found that 37 U.S.C. § 206(a) (1988) in light of 10 U.S.C. § 1552(c) (1988) provided the requisite pay-mandating statute Dehne needed as a basis for his Tucker Act claim. *Dehne*, 23 Cl.Ct. at 613–14. Substantively, the Claims Court

determined that the Air Force Board had committed legal error by inserting the word "unpaid" between the words "inactive duty" and "points" when it awarded Dehne sufficient inactive duty points for Dehne to constructively meet federal service retirement requirements. Consequently, the Claims Court held that Dehne was entitled to basic pay and the Basic Allowance for Subsistence for the five years of constructive service the Air Force Board had credited to his record in addition to the pay differential entitlement the Air Force had previously offered Dehne. *Id.* at 615–19, 621.

## II

On appeal to this Court, the government argues that the Claims Court did not have jurisdiction to hear Dehne's appeal under the Tucker Act, 28 U.S.C. § 1491, for two reasons. First, as a member of the Nevada Air National Guard, Dehne was a state employee, not a federal employee, and as such he may not maintain a Tucker Act claim. Second, Dehne's Tucker Act claim must fail because there is no statute on which Dehne may rely that mandates pay for the constructive service the Air Force Board awarded Dehne. We note that the government's second contention is not one of jurisdiction; rather the issue is whether Dehne states a claim upon which Tucker Act relief may be granted.

Dehne contends that the Board's correction of his federal service records renders him a federal employee for purposes of judicial review and that the Air Force regulations relied upon by the Claims Court mandate pay for the five years of constructive service the Air Force Board credited to his retirement account.

■ This Court reviews the propriety of a summary judgment decision *de novo. National Cable Television Ass'n v. American Cinema Editors, Inc.,* 937 F.2d 1572, 1576 (Fed.Cir.1991). This Court also reviews jurisdiction, a question of law, *de novo. See Zumerling v. Marsh,* 783 F.2d 1032, 1034 (Fed.Cir.1986). Similarly, whether a complaint is properly dismissed for failure to state a claim upon which

relief can be granted is a question of law which this Court reviews *de novo. Gould, Inc. v. United States,* 935 F.2d 1271, 1273 (Fed.Cir.1991).

## III

### A

■ In the proceedings below, the parties and the Claims Court appear to have believed that Dehne had to prove he was a federal employee as a jurisdictional matter before the Claims Court could review his claim under the Tucker Act, 28 U.S.C. § 1491. The Claims Court correctly distinguished cases such as *Gnagy v. United States,* 634 F.2d 574, 225 Ct.Cl. 242 (1980) and *Christoffersen v. United States,* 230 Ct.Cl. 998 (1982) which dismissed complaints for pay by members of the National Guard for lack of jurisdiction when those complaints based their Tucker Act claims on the Back Pay Act, 5 U.S.C. § 5596 (1976). These cases, which hold that members of the National Guard are not federal employees as required by the Back Pay Act, are inapposite. While it is true that one must be a federal employee in order to bring a Tucker Act claim based on the Back Pay Act, Dehne does not base his Tucker Act claim on the Back Pay Act. Dehne bases his claim on 37 U.S.C. § 206(a) (1988) and 10 U.S.C. § 1552(c) (1988). There is nothing in either of these statutes that limits their application to employees of the U.S. government. The applicable jurisdictional prerequisite for section 206 is that the claimant be a member of the National Guard or of the reserves. Dehne meets this requirement. Section 1552 may be invoked by those seeking to correct a military record. Dehne also meets this requirement. Thus, Dehne did not need to prove that he is a federal employee in order to maintain his Tucker Act claim based on 37 U.S.C. § 206(a) and 28 U.S.C. § 1552(c). Therefore, we affirm the holding of the Claims Court that it had jurisdiction to hear Dehne's appeal.

### B

■ Dehne does need to prove, however, that payment for the back pay he claims is

mandated by some substantive right which is distinct from the Tucker Act itself. The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Therefore, in order to state a claim under the Tucker Act Dehne must find a substantive right in the Constitution, an act of Congress, or an executive department regulation on which to base his claim that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983) (quoting *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. at 954, quoting *Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1009, 178 Ct.Cl. 599 (1967). *See also Banks v. Garrett,* 901 F.2d 1084, 1087 (Fed.Cir.1990); *Guercio v. Brody,* 884 F.2d 1372, 1373–74 (Fed.Cir.1989); *United States v. (1) 1979 Cadillac Coupe de Ville,* 833 F.2d 994, 997 (Fed.Cir.1987); *Smith v. United States,* 823 F.2d 532, 534 (Fed.Cir. 1987); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983).

The Claims Court held that 37 U.S.C. § 206(a) (1988), in conjunction with 10 U.S.C. § 1552(c) (1988), is a pay-mandating statute sufficient to maintain Dehne's Tucker Act claim. *Dehne,* 23 Cl.Ct. at 613–14. The Claims Court then looked to a wide array of regulations and statutes to establish that the Board's decision not to pay Dehne for the constructive service was contrary to law, including: Air Force Regulations 31–3, section E ¶ 18(e), 35–7 chapter 9 ¶¶ 9–3 and 9–4, and attachment 1 ¶¶ A1–15; Department of Defense Military Pay and Allowance Entitlements Manual, chapter 2 ¶¶ 80201(d) and 80201(e); 10 U.S.C. § 1332(a)(2); III Air Force Manual 177–373, chapter 8 ¶ 8–1; and Air National Guard Regulation 50–01, chapter 3 ¶ 3–1 and chapter 5 ¶ 5–2. *Dehne,* 23 Cl.Ct. at 615–19.

None of these statutes or regulations, however, establishes either expressly or implicitly, Dehne's right to pay for the five years of constructive service credited to his account by the Air Force Board. 37 U.S.C. § 206(a) (1988) provides for basic pay for members of the military not entitled to payment under the primary basic pay statute 37 U.S.C. § 204 (1988). Section 206(a) states:

> Under regulations prescribed by the Secretary concerned, and to the extent provided for by appropriations, a member of the National Guard or a member of a reserve component of a uniformed service who is not entitled to basic pay under section 204 of this title, is entitled to compensation, at the rate of ⅟₃₀ of the basic pay authorized for a member of a uniformed service of a corresponding grade entitled to basic pay—
>
> (1) for each regular period of instruction, or period of appropriate duty, at which the member is engaged for at least two hours, including that performed on a Sunday or holiday;
>
> (2) for the performance of such other equivalent training, instruction, duty, or appropriate duties as the Secretary may prescribe; or
>
> (3) for a regular period of instruction that the member is scheduled to perform but is unable to perform because of physical disability resulting from an injury, illness, or disease incurred or aggravated—
>
>> (A) in line of duty while performing—
>>
>> (i) active duty; or
>>
>> (ii) inactive-duty training; or
>>
>> (B) while traveling directly to or from that duty or training (unless such injury, illness, disease, or aggravation of an injury, illness, or disease is the result of the gross negligence or misconduct of the member).

Thus section 206(a) mandates pay for regular periods of instruction, periods of appropriate duty, and for performance of other equivalent duties. The statute mandates compensation for constructive performance only for instruction missed due to some physical disabilities.

Section 1552 of title 10 of the U.S.Code does not give additional support to Dehne's claim. That section, which provides for the

**894**

correction of military records, states in pertinent part:

> The Secretary concerned may pay, from applicable current appropriations, a claim for the loss of pay, allowances, compensation, emoluments, or other pecuniary benefits, or for the repayment of a fine or forfeiture, if, as a result of correcting a record under this section, the amount is found to be due the claimant on account of his or another's service in the Army, Navy, Air Force, Marine Corps, or Coast Guard, as the case may be.

10 U.S.C. § 1552 (1988). Thus, by its terms, section 1552(c) does not mandate pay at all. Rather, it provides for appropriate discretionary payment by the Secretary in certain circumstances.

The other regulations as well as the statute relied upon by the Claims Court address the issues of active and inactive duty, and the award of paid duty points. Although nothing in the record before us provides for the award of unpaid duty points for service never performed like those Dehne received from the Air Force Board, it similarly does not contain any regulation or statute that mandates pay for military service that has never been performed.

■ We recognize that military personnel who are seeking a pay differential between current pay and that of a higher rank for active service may properly state a claim for back pay under the Tucker Act. *Skinner v. United States*, 594 F.2d 824, 831, 219 Ct.Cl. 322 (1979) (relying on 37 U.S.C. § 204); *Sanders v. United States*, 594 F.2d 804, 810–11, 219 Ct.Cl. 285 (1979) (relying on 37 U.S.C. § 204 in conjunction with 28 U.S.C. § 1552(c)). In fact, the Air Force has offered to pay Dehne for the difference between his salary as a major and his salary as a lieutenant colonel for the period of actual service that preceded his retirement in December 1982. In addition, a reserve officer removed while on active duty may base a Tucker Act claim on 37 U.S.C. § 204. *See Sargisson v. United States*, 913 F.2d 918, 920 (Fed.Cir.1990).

Dehne, however, can point to no statute or regulation that mandates pay for service never actually performed by a member of the Air National Guard of the United States. In the absence of such a statute or regulation, Dehne cannot demonstrate a substantive right to pay for the five year period of constructive service the Air Force Board added to his record. Lacking such a pay-mandating statute on which to base his Tucker Act claim, the Claims Court erred by not dismissing the pay for constructive service claims of Dehne's complaint for failure to state a claim upon which relief can be granted. *See Banks v. Garrett*, 901 F.2d at 1087. For this reason, we vacate the judgment of the Claims Court and remand with instructions to enter judgment for the $1,265.47 entitlement the Air Force offered Dehne on November 12, 1987, and to dismiss the portions of Dehne's complaint seeking pay for the constructive service added to his record by the Air Force Board.

No costs.

VACATED AND REMANDED.