60 F.3d 839
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Michael D. MOEHL, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 No. 94-5098.
 United States Court of Appeals, Federal Circuit.
 April 6, 1995.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 On August 30, 1993, the United States Court of Federal Claims decided on cross motions for summary judgment that Michael D. Moehl is entitled to pay and allowances for the period from April 28 to December 19, 1988, and to correction of certain of his military records. Moehl v. United States, 29 Fed. Cl. 249 (1993). We reverse and remand the case for further proceedings.
 
 
 2
 * Because we decide this case under our Rule 47.6(b), we refrain from an extensive statement of the facts, a catalog of the arguments of the parties below and in this court, and a detailed description of each facet of the opinion of the Court of Federal Claims. Suffice it to say that Moehl won below because the court concluded that Joe G. Lineberger, Deputy for Air Force Review Boards (Deputy AFRB), lacked the requisite authority to disapprove a recommendation favorable to Moehl made by an Air Force Review Board. Although the court acknowledged the legal power of the Secretary of the Air Force to delegate such disapproval authority to the Deputy AFRB, the court concluded "on the facts of this particular case" that Mr. Lineberger had not been delegated such authority in a writing dated June 7, 1990, addressed to him from the Assistant Secretary for Manpower.
 
 
 3
 The Assistant Secretary's June 7 writing expressly delegated to the Deputy AFRB the "authority to take final action on my behalf on cases and other matters pertaining to" AFRBs. The written delegation also stated that, "[a]lthough not a limitation on your authority to act on my behalf as specified above," the Deputy AFRB would brief the Assistant Secretary before making certain major decisions, "unless the exigencies of the situation preclude such action." The written delegation also stated that the Deputy AFRB also would "have the continuing responsibility to keep the Secretary and me informed of any and all matters pertinent to our responsibilities which should be brought to our attention for any reason."
 
 
 4
 The Court of Federal Claims concluded that the June 7 delegation is ambiguous because it gives the Deputy AFRB the authority to decide when predecision briefing with the Assistant Secretary will occur and at the same time burdens the Deputy AFRB with the responsibility to keep the Secretary and the Assistant Secretary generally informed of pertinent matters. Due to the perceived ambiguity, the court held that the Deputy AFRB's disapproval of the AFRB decision favorable to Moehl was unauthorized and that the AFRB's decision therefore remained effective to be implemented by the judgment of the court.
 
 II
 
 5
 We review de novo the grant of a motion for summary judgment. Denhe v. United States, 970 F.2d 890, 892 (Fed. Cir. 1992). The meaning of a written delegation of authority is a question of law that we likewise review de novo. See, Cheney v. Dep't of Justice, 720 F.2d 1280, 1284-85 (Fed. Cir. 1983) (de novo review of issue of delegated authority); United States v. Emerson, 846 F.2d 541, 547 (9th Cir. 1988).
 
 
 6
 The Court of Federal Claims erred as a matter of law in its reading of the June 7 delegation of authority. The delegation is unambiguous. It confers power on the Deputy AFRB to take final action, inter alia, on Board cases, and none of the consultation obligations imposed on the Deputy AFRB detract from the authority to take final action. The final action taken in this case by the Deputy AFRB was on reconsideration of his initial decision, and the final action was taken after the June 7 written delegation of authority. Summary judgment in favor of Moehl on the point of the Deputy AFRB's authority to disapprove the Board recommendation must therefore be reversed.
 
 III
 
 7
 The United States argues on appeal that Moehl has failed to establish that the action of the Deputy AFRB was arbitrary, capricious, contrary to law or regulation, or unsupported by substantial evidence. The United States also argues that the Deputy AFRB's decision that Moehl was properly discharged on April 28, 1988 and therefore not entitled to pay and benefits from then to December 19, 1988 (the end of his period of enlistment) is not justiciable under the rule of Murphy v. United States, 993 F.2d 871, 873 (Fed. Cir. 1993). The United States notes that these arguments were made below but not addressed by the Court of Federal Claims. Even so, the United States invites us to decide these arguments in its favor and order the Court of Federal Claims to dismiss Moehl's complaint. We decline this invitation, and instead leave these issues for resolution by the Court of Federal Claims on remand in the light of our holding that the Deputy AFRB had the requisite authority to disapprove the recommendation of the Board.
 
 
 8
 No costs.