**Phillip M. POHANIC, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 99–852C.

United States Court of Federal Claims.

July 25, 2000.

Allison Ruttenberg, Denver, CO, for plaintiff.

Bryant S. Banes, Washington, D.C., with whom were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, James M. Kinsella, Deputy Director, and Capt. Michael A. Sumner, of counsel, for defendant.

### Opinion and Order

WEINSTEIN, Judge.

This military pay case is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted. *See* Rule 12(b)(4) of the Rules of the United States Court of Federal Claims (RCFC). The case presents an issue of first impression: Can a National Guardsman serving on full-time active duty pursuant to 32 U.S.C. § 502(f) (1994), and paid pursuant to 37 U.S.C. § 204(a)(1) (1994), rely on section 204(a)(1) as the money-mandating statute for a claim for back pay and reinstatement into active duty after he has been involuntarily separated from his tour of duty? The court concludes that section 204(a)(1) is not money-mandating under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994), under these circumstances. Accordingly, plaintiff's complaint is dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

### Facts

On February 7, 1980, plaintiff enlisted in the Air National Guard of the State of Colorado and as a Reserve of the Air Force, with membership in the Air National Guard of the United States. On September 14, 1986, plaintiff re-enlisted in this status for six years.

On June 26, 1989, plaintiff was assigned by order of the Governor of Colorado to a "Title 32 Active Guard/Reserve Tour" pursuant to 32 U.S.C. § 502(f). Plaintiff's service pursuant to this order constitutes "full-time National Guard duty" as that term is defined in 32 U.S.C. § 101(19) (1994) (" 'Full-time National Guard duty' means training or other duty ... performed by a member of the ... Air National Guard of the United States in the member's status as a member of the

National Guard of a State ... under section ... 502 ... of [Title 32] for which the member is entitled to pay from the United States...."), and he was paid pursuant to 37 U.S.C. § 204(a)(1), which entitles "a member of a uniformed service who is on active duty" to basic pay of the pay grade to which assigned.

Plaintiff was serving pursuant to this order when honorably discharged, by the State of Colorado Adjutant General, on October 4, 1993. Plaintiff alleges that his discharge was wrongful because it was for smoking on board an aircraft when there was no effective smoking policy or prohibition at the time. Plaintiff petitioned the Air Force Board for Correction of Military Records (AFBCMR) for correction of his military records and for reinstatement to active duty, with back pay and benefits. The AFBCMR denied plaintiff's petition.

On October 1, 1999, plaintiff filed his complaint. He seeks back pay and benefits from the date of his allegedly-wrongful separation, October 4, 1993, and reinstatement into active duty retroactive to that date. Because plaintiff claims back pay pursuant to 37 U.S.C. § 204(a)(1), the court has subject matter jurisdiction under the Tucker Act. *See* 28 U.S.C. § 1491(a)(1); *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999) (holding that the court has subject matter jurisdiction over a claim for money damages based on military service for which the claimant had not been paid).

On December 16, 1999, defendant filed its motion to dismiss for failure to state a claim upon which relief can be granted. On May 17, 2000, after the motion was fully briefed, the court ordered supplemental briefs. Neither party has requested oral argument, and the court deems it unnecessary.

### *Discussion*

A complaint may be dismissed under Rule 12(b)(4) for failure to state a claim upon which relief can be granted "when the facts asserted by the plaintiff do not entitle him to a legal remedy." *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000). The court "must accept all well-pled factual allegations as true and draw all reasonable inference in

[the non-movant's] favor." *Id.* In this case, the facts are not in dispute.

In order to state a claim upon which relief may be granted, plaintiff must show that a statute mandating payment of money applies to him. *Palmer,* 168 F.3d at 1313. "Put in terms of Tucker Act jurisprudence ... [plaintiff must] have a money-mandating statute that allows the Court of Federal Claims to render judgment in his favor." *Id.*

Under ordinary circumstances, section 204(a)(1) is money-mandating for servicemen paid pursuant to it who allege improper separation and seek back pay and ancillary relief. *See* 37 U.S.C. § 204(a)(1); *see also Palmer,* 168 F.3d at 1314; *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.1997) ("It is well established that 37 U.S.C. § 204 ... serves as the money-mandating statute applicable to miliary personnel claiming damages and ancillary relief for wrongful discharge."); *Sanders v. United States,* 219 Ct.Cl. 285, 594 F.2d 804, 810–11 (1979) (en banc) ("37 U.S.C. § 204 provides the basic entitlement to pay for [members of] the armed services. The statute confers ... the right to the pay ... up until [a member] is properly separated from the service.").

On the other hand, when entitlement to pay is predicated on performance of duties, a serviceman cannot state a claim for back pay for duties not performed, whether the lack of performance is voluntary or involuntary. *See Palmer,* 168 F.3d at 1314 (citing *Dehne v. United States,* 970 F.2d 890, 894 (Fed.Cir. 1992)).

In *Dehne,* the Federal Circuit held that 37 U.S.C. § 206 mandates pay only "for each regular period of instruction, period of appropriate duty, at which the member is *engaged* for at least two hours," or "for the *performance* of such other equivalent training, instruction, duty, or appropriate duties as the Secretary may prescribe," 37 U.S.C. § 206(a)(1) & (2) (1994) (emphasis added), but "mandates compensation for constructive performance only for instruction missed due to some physical disabilities." *Dehne,* 970 F.2d at 893. Because entitlement to pay under section 206(a)(1) & (2) is contingent on performance of duty it does not mandate pay

when a member fails to perform his duties "whether the failure to drill was by election of the member, or by decision of the service involved." *Palmer*, 168 F.3d at 1314.

In this case, plaintiff was entitled, until his involuntary separation, to pay pursuant to 37 U.S.C. § 204(a)(1) as "a member of a uniformed service who is on active duty." However, 37 U.S.C. § 204(d) (1994), like 37 U.S.C. § 206(a)(1) & (2), limits his entitlement to pay to pay for duties *performed*. Section 204(d) provides that "[f]ull-time training, training duty with pay, or other full-time duty *performed* by a member of the ... Air National Guard of the United States in his status as a member of the National Guard, is active duty for the purposes of this section." 37 U.S.C. § 204(d) (emphasis added). Because only duty performed is active duty for the purposes of section 204, plaintiff is not entitled to back pay under section 204(a)(1).[1] This is so even though his separation was involuntary. *Palmer*, 168 F.3d at 1314.

The court is aware that 37 U.S.C. § 101(18) (1994), which provides the definition of "active duty" applicable to Title 37, appears not to contain an identical duty-performed requirement: "The term 'active duty' means full-time duty in the active service of a uniformed service, and includes ... full-time National Guard duty." However, under 37 U.S.C. § 101(19), the term " 'Full-time National Guard duty' means training or other duty ... *performed* by a member of ... the Air National Guard of the United States in the member's status as a member of the National Guard of a State ... under section ... 502 ... of [Title 32] ...." (Emphasis added). Thus, as it applies to full-time National Guard duty, the definition of "active duty" in 37 U.S.C. § 101(18) contains a performance requirement by virtue of 32

U.S.C. § 101(19)'s definition of "full-time National Guard duty."

Plaintiff also seeks reinstatement into the active duty Air Force retroactive to October 4, 1993. "Before the ... court could grant [plaintiff] collateral remedies such as ... reinstatement to a position from which he was wrongfully removed, he must first establish that ... he has a money mandating statute that entitles him to a pay remedy." *Palmer*, 168 F.3d at 1314 (citing *Holley*, 124 F.3d at 1465 (requiring a money-mandating statute be applicable for both damages and ancillary relief for wrongful discharge)). There is no applicable money-mandating statute here.

### *CONCLUSION*

Despite the fact that plaintiff was serving on full-time National Guard duty as a member of the Air National Guard of the United States in his status as a member of the National Guard of the State of Colorado pursuant to 32 U.S.C. § 502(f), and was paid as a member of a uniformed service on active duty pursuant to 37 U.S.C. § 204(a)(1), he cannot state a claim upon which relief can be granted for back pay and ancillary relief after his involuntary separation because he was not performing his duty during the time post separation.

Plaintiff's complaint is dismissed, with prejudice. *See* RCFC 12(b)(4). No costs.

---

1. Plaintiff also claims entitlement to back pay or benefits pursuant to sections 301a, 402, 403, and 403a of Title 37. However, entitlement to pay or benefit under these sections is predicated on entitlement to basic pay. *See* 37 U.S.C. § 301a(a)(1) (1994) ("a member of a uniformed service who is entitled to basic pay is also entitled to aviation career incentive pay ...."); *id.* § 402(a) (1994 & Supp. IV 1998) (same; basic allowance for subsistence); *id.* § 403(a)(1) (1994

& Supp. IV 1998) (same; basic allowance for housing); *id.* § 403a(a)(1) (1994) ("a member of a uniformed service entitled to basic allowance for quarters is entitled to ....)", *repealed*, National Defense Authorization Act for Fiscal Year 1998, Pub. L. No. 105–85, § 603(c)(1), 111 Stat. 1629, 1781 (1997). Moreover, section 301a, like 37 U.S.C. § 206(a)(1),(2), entitles a member to pay only for *performance* of aviation duty. *See* 37 U.S.C. § 301a(a)(1).