NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGELA DOZIER-CARTER,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5141

---

Appeal from the United States Court of Federal Claims in consolidated case nos. 10-CV-041, 10-CV-062, 10-CV-063, and 10-CV-064, Judge Francis M. Allegra.

---

Decided: November 5, 2010

---

ANGELA DOZIER-CARTER, of Franklinton, North Carolina, pro se.

SCOTT T. PALMER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KENNETH M. DINTZER, Assistant Director.

--------------------

Before RADER, *Chief Judge*, LOURIE and DYK, *Circuit Judges.*

PER CURIAM.

Angela Dozier-Carter seeks review of the United States Court of Federal Claims' ("Court of Federal Claims") dismissal of her four consolidated complaints for lack of subject matter jurisdiction. Because the trial court committed no error, this court *affirms*.

## I.

Ms. Dozier-Carter initially filed two identical complaints in the Court of Federal Claims on January 20 and 27, 2010. The two complaints, 10-41 and 10-62 respectively, sought to each collect $700 thousand from alleged default judgments against the United States in the United States District Court for the Eastern District of North Carolina. In a later filing with the Court of Federal Claims, Ms. Dozier-Carter admits that the North Carolina district court has not entered those default judgments. In fact, the District Court's docket confirms that it denied Ms. Dozier-Carter's motion for a default judgment and remanded the case to the Commissioner of Social Security to determine her disability status.

On January 27, 2010, Ms. Dozier-Carter filed two more complaints in the Court of Federal Claims, identified as case numbers 10-63 and 10-64. In Complaint 10-63, Ms. Dozier-Carter seeks $25 million as a reward for capturing Saddam Hussein. In Complaint 10-64, Ms. Dozier-Carter seeks $400,000 in annual salary and expenses because she allegedly "took the Oath of Office for the 44th President of the United States of America as Barack Obama[.]" The Court of Federal Claims consolidated all four cases.

The Court of Federal Claims dismissed all of Ms. Dozier-Carter's cases under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims in a June 16, 2010 Order. With respect to cases 10-41 and 10-62, the court opined that the Court of Federal Claims lacked "jurisdiction to review the district court's refusal to enter a default judgment" and that even if one had been entered "this court would lack the ancillary equitable jurisdiction needed to enforce it."

The Court of Federal Claims dismissed cases 10-63 and 10-64 as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Ms. Dozier-Carter appeals this June 16, 2010 judgment of the Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. This court has jurisdiction under 28 U.S.C. § 1295(a)(3).

## II.

This court reviews without deference questions of jurisdiction. *Dehne v. United States*, 970 F.2d 890, 892 (Fed. Cir. 1992). This court holds a *pro se* plaintiff's submissions to a less stringent standard than those submitted by an attorney. *Estelle v. Gamble*, 429 U.S. 97 (1976). When considering a jurisdictional challenge, this court construes factual allegations in the complaint most favorably to the plaintiff, resolving all ambiguities in its favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In the first place, the Court of Federal Claims has no jurisdiction to review decisions from district courts. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Both complaints 10-41 and 10-62 seek the Court of Federal Claims to award money for an alleged default judgment entered in a district court. Accordingly, the Court of Federal Claims properly dismissed claims 10-41 and 10-62 for lack of jurisdiction.

Claims brought *in forma pauperis* can be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). While a court cannot dismiss an *in forma pauperis* complaint simply because the court finds the plaintiff's allegations "unlikely," *id.* at 33, a court may dismiss a claim as frivolous if the alleged facts are fantastic or delusional scenarios. *Nitzke v. Williams*, 490 U.S. 319, 328 (1989).

Ms. Dozier-Carter's allegations are not merely unlikely, but are also certainly delusional, fanciful, and fantastic. Dismissing these allegations as frivolous should not surprise Ms. Dozier-Carter. *See Dozier v. BET Holdings, Inc.,* No. 08-2246, 2009 WL 410195, at *1 (D.D.C. Feb. 18, 2009) (dismissing a complaint filed by Ms. Dozier-Carter which alleged, *inter alia*, that she was Beyonce Knowles). Accordingly, this court affirms the Court of Federal Claims' dismissal of claims 10-63 and 10-64 as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**AFFIRMED**

COSTS

No costs.