NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JO ANN MARSHBURN WILSON,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2010-5121

---

Appeal from the United States Court of Federal Claims in case No. 09-CV-795, Judge Lawrence J. Block.

---

Decided: December 13, 2010

---

JO ANN MARSHBURN WILSON, of Oxon Hill, Maryland, pro se.

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE, *Circuit Judge*, and WHYTE, *District Judge*.[1]

PER CURIAM.

Jo Ann Marshburn Wilson seeks review of the United States Court of Federal Claims' ("Court of Federal Claims") dismissal of her complaint for lack of subject matter jurisdiction. Because the trial court committed no error, this court *affirms*.

## I.

Ms. Wilson initially filed her complaint in the Court of Federal Claims on November 18, 2009. Ms. Wilson's complaint recounts several grievances with her sister-in-law, Florence Marshburn, and the father of her youngest daughter, Michael Steven Watson. In support of her request for "appropriate injunctive act declaratory relief," Ms. Wilson relies upon the Fourteenth Amendment because it "cite[s] [the] definition of citizenship [and] [g]uarantees due process and protection against action[.]" Ms. Wilson also seeks relief under the Truth in Lending Act (15 U.S.C. § 1601 et seq.), the Home Ownership and Equity Protection Act (15 U.S.C. § 1639 et. seq.), and two California state statutes. Ms. Wilson's complaint also alleges that the executive branch of the United States government supported and conspired with Ms. Marshburn, Mr. Watson, and others, to defraud Ms. Wilson of military and civil service entitlements.

The Court of Federal Claims dismissed Ms. Wilson's case under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims for lack of subject matter jurisdiction in an April 28, 2010 order. The court opined that

---

[1] The Honorable Ronald M. Whyte, United States District Court for the Northern District of California, sitting by designation.

it lacked jurisdiction because none of Ms. Wilson's claims arose under any money-mandating constitutional or statutory provision. Moreover, the Court of Federal Claims reasoned that Ms. Wilson's claims "sound[ed] in tort, and otherwise implicate[d] the actions of private parties." Ms. Wilson appeals the April 28, 2010 judgment. This court has jurisdiction under 28 U.S.C. § 1295(a)(3).

## II.

This court reviews questions of jurisdiction without deference. *Dehne v. United States*, 970 F.2d 890, 892 (Fed. Cir. 1992). Courts also recognize a plaintiff's *pro se* status, and afford plaintiffs leniency when construing her pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, lenient pleading standards cannot forgive a failure to state a claim that falls within the court's jurisdiction. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

The Court of Federal Claims has limited statutory jurisdiction under the Tucker Act. 28 U.S.C. § 1491(a)(1). First, the court may only hear claims against the United States. *Id.*; *see United States v. Sherwood*, 312 U.S. 584, 588 (1941). Second, in order for a constitutional provision, statute, or regulation to give rise to a claim within the court's jurisdiction, it must "expressly create[] a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Third, the plain language of the Tucker Act excludes claims sounding in tort from the Court of Federal Claims' jurisdiction. 28 U.S.C. § 1491(a)(1); *see Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

Ms. Wilson's allegation that Ms. Marshburn stole a large insurance policy is a claim against a private party,

as is Ms. Wilson's allegation of "marriage fraud" against Mr. Watson. Thus, the Court of Federal Claims lacks jurisdiction to hear Ms. Wilson's complaint. *See Sherwood*, 312 U.S. at 588.

The constitutional and statutory provisions cited by Ms. Wilson do not fall within the jurisdiction of the Court of Federal Claims. Neither the Due Process Clause nor the Equal Protection Clause of the United States Constitution are money-mandating provisions. *LeBlanc*, 50 F.3d at 1028. The two California statutes cited by Ms. Wilson do not constitute "Act[s] of Congress or regulation[s] of an executive department" of the United States pursuant to § 1491(a)(1). *See* 28 U.S.C. § 1491(a)(1). The Truth in Lending Act and the Home Ownership and Equity Protection Act create no private right of action enforceable against the federal government for money damages. *LeBlanc*, 50 F.3d at 1028. As such, these statutes are not money-mandating within the meaning of the Tucker Act.

Ms. Wilson's suggestion that the federal government conspired with Ms. Marshburn and others to defraud her of military or civil service disability benefits "sound[s] in tort." *See L'Enfant Plaza Props., Inc. v. United States*, 645 F.2d 886, 892 (Cl. Ct. 1981). Accordingly, the Court of Federal Claims correctly dismissed Ms. Wilson's complaint for lack of subject matter jurisdiction.

### III.

Because none of Ms. Wilson's claims arise under any constitutional or statutory provisions that expressly create a substantive right enforceable against the federal government for money damages, this court affirms.

**AFFIRMED**

## Costs

No costs.