NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL W. LONG,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5027

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0647, Judge Eric G. Bruggink.

---

Decided: April 9, 2013

---

MICHAEL W. LONG, of LaGrange, Kentucky, pro se.

JAMES P. CONNOR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, REGINALD T. BLADES, JR., Assistant Director

---

Before LOURIE, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM

Micheal W. Long appeals from the final judgment of the United States Court of Federal Claims dismissing without prejudice his complaint for want of jurisdiction. *Micheal Long v. United States*, No. 12-CV-0647 (Fed. Cl. Dec 7, 2012), ECF No. 6. We *affirm*.

I

Mr. Long filed his complaint against the United States on September 27, 2012. His complaint described historic injustices of slavery in this country and elsewhere, with specific reference to the history of African slave trade. The complaint alleged that the United States "depriv[ed]" Mr. Long of his "rights secured by the U.S. Constitution and the laws [ ] of the United States." Mr. Long sought monetary damages from the United States.

The Court of Federal Claims by Order dismissed the complaint without prejudice. The court noted that it was obligated to dismiss any case over which it does not have jurisdiction. Citing *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983), the court's Order explained that it lacks jurisdiction over any complaint seeking money damages from the United States that fails to reference a money-mandating statute pursuant to which money damages can be assessed against the United States. Because Mr. Long's complaint cited no money-mandating source of authority, the court dismissed the complaint for lack of jurisdiction.

II

Mr. Long timely appealed to this court. We review questions of jurisdiction without deference. *See Dehne v.*

*United States*, 970 F.2d 890, 892 (Fed. Cir. 1992). It is not sufficient that Mr. Long invoked jurisdiction under the Tucker Act, 28 U.S.C. 1491, which waives sovereign immunity to sue the United States for money damages, because the Tucker Act is not money-mandating. We have reviewed Mr. Long's complaint carefully, and we agree with the Court of Federal Claims that Mr. Long has not cited a money-mandating authority. Therefore, we conclude that the Court of Federal Claims correctly dismissed Mr. Long's complaint.

The final judgment of the Court of Federal Claims is *affirmed*.

COSTS

No costs.