G. Thomas WILSON, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–4046C.

United States Claims Court.

Jan. 29, 1992.

---

Anthony D. Martin, Martin, Garnes & Newman, Takoma Park, Md., for plaintiff.

Lisa B. Donis, with whom was Patricia L. Petty (on brief), James M. Kinsella, Asst. Director, David M. Cohen, Director, Civ. Div., Dept. of Justice, and Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., for defendant. Major Alice M. Kottmyer, U.S. Air Force, of counsel.

## OPINION

SMITH, Chief Judge.

This case involves plaintiff's claim against the government for back pay allegedly owed him as a result of the Air Force's failure to promote. Defendant has filed a motion to dismiss or, in the alternative, for summary judgment based upon its assertions that this court does not have jurisdiction and that it is entitled to judgment as a matter of law. After careful examination of the legal issues before it and after hearing oral argument, the court must grant defendant's motion to dismiss.

## FACTS

This is a military pay case. Plaintiff brought this action against the Department of the Air Force on December 31, 1990 to obtain back pay and other entitlements allegedly owed him as a result of the Air Force's failure to promote him to the Grade of Senior Master Sergeant during the 84S8 promotion cycle. Plaintiff also requested that this court promote him retroactively and that defendant pay interest, costs and reasonable attorney fees incurred by plaintiff in bringing this action.

Plaintiff served in the Air Force for approximately twenty years prior to his honorable discharge from the service on January 1, 1985. At the time of his discharge, plaintiff had obtained the rank of Master Sergeant. Plaintiff alleges that two government actions prevented him from being properly promoted to Senior Master Sergeant in 1984. The first action was the

government's failure to award plaintiff the Meritorious Service Medal (MSM). Plaintiff was nominated for this medal by his superior, Major Patrick H. O'Neill, in June 1981 while plaintiff was stationed at Kunsan Air Base in Korea. Plaintiff claims that "as a result of an administrative error" he was not awarded the MSM. O'Neill's recommendation was downgraded by the approving authority and thus plaintiff received instead the Air Force Commendation Medal, third oak leaf cluster (AFCM). The second government action which allegedly prevented plaintiff from being promoted in 1984 was the failure to timely credit plaintiff with the completion of his AAS Degree from the Community College of the Air Force. The award date of plaintiff's degree was January 1983; plaintiff claims that the degree should have been awarded in December 1982.

The minimum score required for promotion to the Senior Master Sergeant rank at the time in question was 687.47 points. Plaintiff's total score without benefit of the MSM (which counted for 5.0 points) and the AAS degree, was 682.17 points, a difference of 5.3 points. Plaintiff contends that but for the failure of the government to award him the MSM and the untimely award of the AAS degree, plaintiff would have been promoted in the 84S8 cycle.

In April, 1984,[1] plaintiff was provided supplemental promotion consideration based on the award of his AAS degree and the AFCM, but was again denied promotion. On May 8, 1984, plaintiff's super-

visor submitted a reconsideration of the denial for the MSM. Plaintiff was again denied the MSM by the award authority on the basis that the AFCM appropriately recognized his achievements. Plaintiff was considered a third time for promotion during the 85S8 cycle. This time plaintiff was tentatively promoted to Senior Master Sergeant, the rank he had originally sought in the 84S8 cycle. In his complaint, plaintiff points out that during this cycle he was promoted "with several points to spare."[2]

Shortly after his 1985 tentative promotion,[3] plaintiff was selected for reassignment to Kirkland Air Force Base in New Mexico. Apparently unwilling to go to Kirkland, plaintiff requested reassignment to Bolling Air Force Base in Washington, D.C. Plaintiff's reassignment, however, was designated a "mandatory move" and consequently his request for assignment to Bolling was denied. Faced with the choice of accepting the assignment to Kirkland Air Force Base or turning down his tentative promotion, plaintiff turned down the promotion.[4] Plaintiff was officially separated from the service on January 1, 1985, with an Honorable Discharge Certificate.

On June 20, 1989, plaintiff applied for relief to the Air Force Board for Correction of Military Records (AFBCMR). On July 11, 1990, the AFBCMR determined that plaintiff's application was not timely filed but nonetheless decided to consider it on the merits. The Board found that no probable material error or injustice had occurred and accordingly denied plaintiff re-

---

1. It is not clear from the record whether this is the correct date of plaintiff's supplemental promotion consideration. The Air Force Board for Correction of Military Records indicated that this consideration took place in April 1985. As defendant points out in its Reply To Plaintiff's Response To Defendant's Motion To Dismiss, Or Alternatively, For Summary Judgment, the supplemental consideration must have occurred in April 1984 as plaintiff was honorably discharged from the service on January 1, 1985.

2. The only apparent difference between the factors considered during the 1985 promotion cycle and the April 1984 supplemental promotion consideration was the fact of plaintiff's selection as "the AFCC/ACD (Division) Senior NCO of the first quarter for 1983."

3. It is not clear from the record when this tentative promotion took place. Presumably, the 1985 promotion occurred sometime in 1984, before plaintiff's honorable discharge from the military on January 1, 1985.

4. It is unclear what significance plaintiff's promotion in 1985 has in regard to the denial of his promotion in 1984. Although the 1985 promotion may indicate that he was close to promotion in 1984, it does not necessarily do so. Moreover, in light of the fact that plaintiff was eventually promoted to the rank he sought in 1985, it is unclear on what basis plaintiff seeks monetary relief for any period other than the period between the time he was denied promotion in 1984 and the time he was actually promoted in 1985.

lief. Plaintiff filed his claim in this court on December 31, 1990. The court heard oral argument on defendant's motion to dismiss, and its alternative motion for summary judgment, on October 1, 1991.

## DISCUSSION

### I. Motion to Dismiss

■■■ In support of its motion to dismiss, the government puts forth two arguments why this court lacks jurisdiction over plaintiff's claim. First, the government argues that because plaintiff voluntarily refused promotion when he was found eligible for it (in the 1985 cycle), he became ineligible for the 1984 promotion for which he seeks money damages. Put more simply, the government contends that because plaintiff is not entitled to a money judgment this court necessarily lacks jurisdiction over his claim. *See* 28 U.S.C. § 1491(a) (Supp.1991). Second, the government argues that because the decision whether to promote plaintiff was purely a discretionary one, this court cannot entertain plaintiff's suit. The government correctly points out that this court only has jurisdiction to review whether the Air Force is in compliance with its own established rules. *See Sargisson v. United States,* 913 F.2d 918, 921 (Fed.Cir.1990). As a result, the government contends, the failure of plaintiff to allege any violation of a statute, military regulation, or the Constitution in the promotion process effectively deprives this court of jurisdiction.

The court cannot grant defendant's motion to dismiss on the basis of the first ground asserted by the government. Although plaintiff may or may not be eligible for the promotion he seeks [5], the court conceivably could reach the conclusion that the Air Force failed to follow its own regulations in denying plaintiff's promotion. *See, e.g., Voge v. United States,* 844 F.2d 776 (Fed.Cir.), *cert. denied,* 488 U.S. 941, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988) (holding that the Claims Court has jurisdiction to review the procedural regularity of personnel decisions made by the military). Under

such a set of facts, plaintiff would be entitled to money damages as a result of the Air Force's failure to promote for the period between the time plaintiff was improperly denied promotion during the 84S8 cycle and the time plaintiff was ultimately promoted during the 1985 cycle. The fact that plaintiff refused a promotion in the 1985 cycle has no relevance to the propriety of the Air Force's denial of plaintiff's promotion in 1984. Plaintiff's refusal of promotion in 1985 only impacts plaintiff's claim in that it limits the amount of damages to which plaintiff might be entitled. On this first ground, then, the court cannot grant defendant's motion to dismiss.

However, plaintiff's complaint must be dismissed based upon the second ground advanced by the government. In his complaint, plaintiff fails to aver that the Air Force violated a statute, military regulation, or the Constitution in the course of the promotion process. As a result, this court has no basis upon which to find that the Air Force failed to follow its own regulations or any other statutory or constitutional mandate. Absent such a basis, this court cannot review a military decision made by an agency of the Department of Defense. *See, e.g., Voge,* 844 F.2d at 780 ("A controversy is justiciable only if it is one which the courts can finally and effectively decide, under tests and standards which they can soundly administer within their special field of competence.") (citations omitted). To do otherwise would be to intrude perniciously upon the discretion of the Air Force and its internal processes. As the Court of Appeals for the Federal Circuit has clearly articulated:

> [S]trong policy reasons compel courts to allow the widest possible latitude to the armed services in their administration of personnel matters. Accordingly, absent a statute or regulation entitling a service member to a promotion as a matter of law, the Claims Court has no authority to entertain [such a] claim.

*Voge,* 844 F.2d at 782 (citations omitted). The court thus must grant defendant's motion to dismiss.

---

5. The court need not reach this issue in resolv-

ing defendant's motion to dismiss.

## II. Motion for Summary Judgment

Even assuming that plaintiff could survive defendant's motion to dismiss, the court would be compelled to grant defendant's alternative motion for summary judgment. Defendant has made both showings required of parties seeking summary judgment. Defendant has established: (1) that there is no genuine dispute as to any material fact and (2) that defendant is entitled to judgment as a matter of law.

### A. *Materiality of the factual disputes*

Plaintiff attempts to rebut defendant's summary judgment averments by contending that a material factual dispute exists in regard to how the Air Force promotion board reached its conclusion to deny plaintiff a promotion during the 84S8 cycle.[6] Plaintiff's contention is that the Air Force denied him promotion as a result of either (or both) the alleged error in awarding plaintiff the AFCM instead of the MSM or the failure to timely credit plaintiff with earning an AAS degree. Plaintiff thus disputes defendant's argument that neither of these government actions resulted in the denial of plaintiff's promotion during the 84S8 cycle. The court finds plaintiff's position unconvincing.

■■■ In regard to the non-award of the MSM degree, the court finds that the decision by the Air Force to award plaintiff the AFCM instead of the MSM was purely a discretionary one and therefore is not reviewable by this court. *See Gilligan v. Morgan*, 413 U.S. 1, 10, 93 S.Ct. 2440, 2446, 37 L.Ed.2d 407 (1973) ("The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments ... the ultimate responsibility for these decisions is appropriately vested in branches of the government which are periodically subject to electoral accountability."). At best, then, plaintiff can establish that an error was committed when the Air Force failed to timely credit plaintiff with the AAS de-

gree during his first consideration for promotion in the 84S8 cycle. However, as defendant points out, that error was remedied and plaintiff was given supplemental promotion consideration in April 1984. In that second consideration, plaintiff was again denied promotion, even after being credited with the AAS degree and the AFCM. Therefore, plaintiff cannot establish a connection between the failure to timely credit plaintiff with the AAS degree and the denial of his promotion. *See Hary v. United States*, 618 F.2d 704, 223 Ct.Cl. 10, 15 (1980) ("[A] claimant seeking back pay on account of a separation or relief from active duty must show both that (a) there was a material legal error or an injustice in the proceedings of the correction board ... which led to the adverse action against him, and also (b) that there is an adequate nexus or link between the error or injustice and the adverse action (*e.g.*, passover and nonselection for promotion)."); *see also Braddock v. United States*, 9 Cl.Ct. 463, 472 (1986) ("An error or injustice is reversible only if it is substantial, material and prejudicial to the claimant."). The court, therefore, cannot detect the existence of a material factual dispute.

### B. *Arbitrary and capricious standard*

■■■ In order to overturn a decision of the AFBCMR, this court must find that it was arbitrary, capricious, unsupported by substantial evidence, or contrary to law. *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed.Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986). As the Court of Claims recognized in *Sanders v. United States*, 594 F.2d 804, 219 Ct.Cl. 285, 298 (1979), the arbitrary and capricious standard of review places a considerable burden on a plaintiff attempting to overcome the decision of a military corrections board:

> Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination unless he can meet the difficult standard of

---

**6.** In his Opposition To Defendant's Motion For Summary Judgment, plaintiff did not address

defendant's contention that the government is entitled to judgment as a matter of law.

proof that the Correction Board's decision was illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, and money is due.

In order to meet this burden, a plaintiff must not only present clear and convincing evidence of illegality by the board, he must also "overcome the presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Braddock,* 9 Cl.Ct. at 472 (citations omitted).

In the instant case, plaintiff cannot make the requisite showings. In fact, in both his complaint and his response to defendant's summary judgment motion plaintiff fails to even *allege* that the AFBCMR committed legal error in reviewing the promotion decision made by the Air Force. Without such a showing or, at the very least, an allegation that such a showing can be made, the court must conclude that as a matter of law the AFBCMR's decision was not arbitrary and capricious.[7] *See Heisig v. United States,* 719 F.2d 1153 (Fed.Cir.1983) (absent evidence that a board acted arbitrarily and capriciously, "courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence"). The record clearly shows that the AFBCMR carefully examined the evidence offered by plaintiff and, after applying a much more lenient *de novo* standard of review than this court is allowed to apply, ruled against plaintiff. Accordingly, even if plaintiff survived defendant's motion to dismiss, the court would have no choice but to grant defendant's motion for summary judgment.

## CONCLUSION

For the reasons set forth above, the court grants defendant's motion to dismiss. As a result of this decision, the court must also find moot defendant's pending Motion For Protective Order Or, In The Alternative, For Suspension Of Discovery and its Motion For Leave To File Out Of Time Its Response To Plaintiff's First Request For Production Of Documents. Each side to bear its own costs.

IT IS SO ORDERED.

---

7. After evaluating the same two bases for relief asserted by plaintiff here (the non-award of the MSM and the failure to timely credit the AAS degree), the AFBCMR concluded that "the evidence presented did not demonstrate the existence of probable material error or injustice" and that plaintiff's application would only be reconsidered "upon the submission of newly discovered relevant evidence not considered with this application." Record of Proceedings, July 10, 1990, Air Force Board for Correction of Military Records at 3.