USCA1 Opinion

 

 January 17, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1694  MAJOR JAMES L. CADIGAN, Plaintiff, Appellant, v. DEPARTMENT OF THE ARMY, BOARD FOR CORRECTION OF MILITARY RECORDS AND TOGO D. WEST, JR., SECRETARY OF THE ARMY, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Mark Fitzsimmons on brief for appellant. ________________ Donald K. Stern, United States Attorney, and Lori J. Holik, _________________ ______________ Assistant United States Attorney, on brief for appellees. ____________________ ____________________ Per Curiam. We have carefully reviewed the ___________ district court record and the briefs of the parties, and we affirm the judgment of the district court for essentially the reasons set forth in the Order dated June 1, 1995. Our decision is not a reflection on the merits of appellant's entitlement to the Congressional Medal of Honor. The record in this case evidences Mr. Cadigan's extraordinary courage and service to his country, service which most likely saved the lives of two platoons of American troops in Germany in 1945. Simply, as the district court found, it had no power to review the decision of the Army Board for Corrections of Military Records; the question before the court was not whether it had jurisdiction to consider ____________ appellant's case, but whether the question presented was justiciable. ___________ Appellant does not complain that the Army failed to follow a mandate contained in a relevant statute or regulation, committed an unauthorized act, or made a factual error which rises to the level of an injustice -- the kinds of claims which usually are justiciable. See Dodson v. ___ ______ United States, 988 F.2d 1199, 1204 & n.6 (Fed. Cir. 1993). ______________ Rather, appellant asserts that, under the facts he presented, the Army should have awarded him the Medal of Honor. However, the decision whether to award a medal is one left to the complete discretion of the military. Wilson v. United ______ ______ -2- States, 24 Cl. Ct. 842, 846 (1992) (the decision by the Air ______ Force to award one medal to plaintiff instead of another is "purely a discretionary one and therefore is not reviewable by [a] court"). Indeed, the criteria for such awards are not within the realm of judicial expertise, implicating instead the "complex, subtle, and professional decisions" left by the Constitution to the judgment of the military. See Gilligan ___ ________ v. Morgan, 413 U.S. 1, 10 (1973). The cases appellant cites ______ are not to the contrary as they involved justiciable matters. See, e.g., Swann v. Garrett, 811 F.Supp. 1336 (N.D.Ind. 1992) ___ ____ _____ _______ (review of the factual question whether plaintiff had been _______ awarded the Navy Cross). Because this case does not present a substantial question, the appeal is summarily affirmed. See Local Rule ___ 27.1. -3-