**Linda M. EWING, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 94–396.

United States Court of Federal Claims.

July 23, 1996.

William S. Little, Baltimore, Maryland, for plaintiff.

Gerald M. Alexander, with whom were James M. Kinsella, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, Department of Justice, Washington, D.C., for defendant. LTC David L. Hayden and CPT Michael E. Smith of the Department of the Army were of counsel.

## *OPINION*

SMITH, Chief Judge.

This case comes before the court on defendant's motion to dismiss or in the alternative motion for summary judgment. Plaintiff Linda M. Ewing claims that she was improperly retired at the rank of major instead of at the rank of lieutenant colonel and in this process was denied her constitutional right to administrative due process. Plaintiff seeks recovery of back military retirement pay, reinstatement of military rank prior to retirement, reimbursement of attorney fees, correction of plaintiff's military record and that this court declare AR 15–80, an army regulation, unconstitutional because it violates a substantial property interest.

After careful consideration of the briefs, oral argument and the relevant law, the court must GRANT defendant's motion to dismiss

for plaintiff's failure to state a claim upon which relief can be granted.

## FACTS

Plaintiff, Linda M. Ewing, began her military career by accepting a commission in the Women's Army Corps Officer Procurement Program on October 17, 1972. She was promoted to Major on April 1, 1983 and was promoted to Lieutenant Colonel on May 1, 1989. Ms. Ewing elected voluntary retirement in lieu of elimination. Her discharge document indicates the reason for her separation was "Misconduct, Professional Dereliction." AR 166.

Plaintiff served in Cairo, Egypt, until she was relieved of that position and assigned to Fort Indiantown Gap, Annville, Pennsylvania as the executive officer to an Army readiness group. On November 6, 1990, Ms. Ewing was relieved from her position for "unprofessional conduct that was a complete distraction to the good order and discipline of the unit." AR 61. She was next assigned to duties as the Director of Personnel and Installation at Fort Indiantown Gap. On July 27, 1991, Ms. Ewing was relieved from this position for "a flagrant violation of Army Regulation 600–50, Standards of Conduct," because in her official capacity, "she personally selected for employment as an official employee within her directorate, an individual with whom she resided and shared the mortgage of the residence in which they lived." AR 68.

On October 19, 1992, Ms. Ewing submitted a request of voluntary retirement in lieu of elimination. Her request was approved on December 31, 1992. On January 14, 1993 the Army Grade Determination Review Board (AGDRB) met to consider Ms. Ewing's case. The AGDRB found:

> The act of misconduct for which she received a Relief for Cause OER began while she was a Lieutenant Colonel. Therefore, a majority of the board found service in the grade of Major to have been satisfactory, but service in the grade of Lieutenant Colonel to have been unsatisfactory. The

recommendation is that Lieutenant Colonel Ewing be retired in the grade of Major. AR 113.

The Secretary of the Army approved the recommendation of the AGDRB on January 23, 1993. On February 26, 1993, the Army issued retirement orders to Ms. Ewing which reflected a retirement grade of Major. AR 108. The effective date of the retirement order was April 30, 1993. On October 5, 1993, plaintiff submitted an application to the Army Board for Correction of Military Records (ABCMR). In that application she requested that her retirement grade be changed to Lieutenant Colonel. The ABCMR denied plaintiff's request for relief on November 23, 1994. In that denial the ABCMR found the applicant failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice. AR 225–26.

On June 17, 1994, plaintiff filed suit in this court, requesting: that the court change her discharge forms; that she be retired in the rank and pay grade of lieutenant colonel; that she be granted all back retired pay; that the court declare AR 15–80, an army regulation, unconstitutional because it violates a substantial property interest; that the court order the Army to address plaintiff by her correct rank of lieutenant colonel; and reimbursement of attorney's fees.

## DISCUSSION

In the case at hand, defendant has raised two RCFC 12(b) defenses: RCFC 12(b)(1) is a defense raised when a party asserts that the court lacks jurisdiction over the subject matter. RCFC 12(b)(4) is raised in this case because defendant asserts that the court has jurisdictional limitations on its power to afford relief.

### A. RCFC 12(b)(1)

The Tucker Act provides a basis for this court's jurisdiction over plaintiff's case. As the court stated in *Crispino v. United States,* "It is well settled that this court has jurisdiction to consider claims that the Secretary or a correction board has improperly failed to correct an alleged error or injustice." 3 Cl.Ct. 306, 312 (1983) (citing *Sand-*

ers v. United States, 219 Ct.Cl. 285, 300, 594 F.2d 804, 812–13 (1979); Armstrong v. United States, 205 Ct.Cl. 754, 761, 1974 WL 21688 (1974); Hertzog v. United States, 167 Ct.Cl. 377, 383–84 (1964)). Plaintiff is asking this court to review the decisions made by the Secretary of the Army on recommendation by the AGDRB and ABCMR. This court has jurisdiction to review such decisions even though the scope of review is narrow. Crispino, 3 Cl.Ct. at 312.

## B. RCFC 12(b)(4)

■ The government's contention that plaintiff's claim under the Tucker Act must fail because there is no statute upon which plaintiff may rely that mandates pay is a 12(b)(4) defense. See Dehne v. United States, 970 F.2d 890, 894 (Fed.Cir.1992). The Supreme Court has held that the Tucker Act is a jurisdictional statute which does not confer a substantive right to recover money damages from the United States. United States v. Testan, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). "Therefore, in order to state a claim under the Tucker Act [plaintiff] must find a substantive right in the Constitution, an act of Congress, or an executive department regulation on which to base his claim that 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" Dehne 970 F.2d at 893, (quoting United States v. Mitchell, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983), quoting Testan, 424 U.S. at 400, 96 S.Ct. at 954, quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1009, 178 Ct.Cl. 599 (1967)).

■ Under the Tucker Act, plaintiff must allege a claim for damages from the government under an express or implied contract, or a money-mandating statutory or constitu-

tional provision to establish jurisdiction in this court. Allred v. United States, 33 Fed. Cl. 349, 353 (1995) appeal dismissed 78 F.3d 602, 1996 WL 64733 (Fed.Cir.1996). Plaintiff claims that this court's jurisdiction is invoked pursuant to provisions of 37 U.S.C. § 204,[1] 10 U.S.C. § 1552,[2] and lastly 28 U.S.C. § 1491 (which is the Tucker Act and therefore cannot be used as a money mandating statute to invoke the Tucker Act).[3] Plaintiff also alleges a due process claim. Defendant argues that plaintiff has established no right to payment sufficient to invoke Tucker Act jurisdiction.

### 1. 37 U.S.C. § 204

■ Plaintiff claims that she has a claim to money damages pursuant to 37 U.S.C. § 204. This provision states:

(a) The following persons are entitled to the basic pay of the pay grade to which assigned or distributed, in accordance with their years of service computed under section 205 of this title—

(1) a member of a uniformed service who is on active duty; and

(2) a member of a uniformed service, or a member of the National Guard . . . who is participating in full-time training, training duty with pay, or other full-time duty, provided by law. . . .

Plaintiff stated in her brief that she does not contest the voluntariness of her resignation and that she has not requested to be reinstated. Plaintiff's Response at 3. Thus, she is not on active duty, nor is she requesting such status. Therefore, 37 U.S.C. § 204, which applies to active duty, is not an appropriate money-mandating statute which would allow this court jurisdiction under 28 U.S.C. § 1491.

---

1. 37 U.S.C.A. § 204 establishes an entitlement of basic pay for military members serving on active duty. See 37 U.S.C.A. § 204(a)(1) (1996).

2. 10 U.S.C. § 1552 provides for the correction of military records. Upon correction of a record, the Secretary of the service may pay an amount found to be due to the claimant on account of his or another's service in the armed forces. See 10 U.S.C. § 1552(c) (1996).

3. 28 U.S.C. § 1491(a)(1) designates the United States Court of Federal Claims as having jurisdiction over a claim brought against the United States, provided such claim is founded upon the Constitution, a regulation, or express or implied contract with the United States. See 28 U.S.C. § 1491(a)(1) (1993), (codifying part of the Tucker Act of 1887); United States v. Testan, 424 U.S. 392, 397–98, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976).

### 2. 10 U.S.C. § 1552

Plaintiff also claims that 10 U.S.C. § 1552 is a money-mandating statute which allows this court Tucker Act jurisdiction. Pursuant to that statute, the Secretary of a military department may pay compensation to a claimant as a result of correcting a military record. 10 U.S.C. § 1552(c). The Secretary or the board for correction of military records has the discretion to correct a military record. *Crispino,* 3 Cl.Ct. at 312. While this court has jurisdiction to review the decision of a correction board or Secretary, such a decision is "final and conclusive unless it is arbitrary, capricious, in bad faith, unsupported by substantial evidence, or contrary to applicable law or regulation." *Id.* Plaintiff has not alleged that any of decisions at issue were arbitrary, capricious, in bad faith, unsupported by substantial evidence, or contrary to applicable law or regulation. Therefore, the court's jurisdiction to review such decisions has not been invoked in this case.

Furthermore, this statute is not a pay-mandating statute. This court has jurisdiction under 10 U.S.C. § 1552 if the Secretary makes a correction to military records and then fails to pay plaintiff the relief that has become due as a result of the correction. *See Sanford v. United States,* 32 Fed.Cl. 363 (1994). However, the Court of Appeals for the Federal Circuit has held that "by its terms, section 1552(c) does not mandate pay at all." *Dehne,* 970 F.2d at 894. The statute is not a money mandating statute absent a previous correction by the Army. Therefore based on *Dehne,* this court finds that plaintiff lacks a pay-mandating statute on which to base her Tucker Act claim.

### 3. Due Process

Plaintiff has alleged a violation of her due process rights. However, "[c]ase law clearly establishes that the Due Process Clause of the Fifth Amendment 'neither explicitly nor implicitly obligate[s] the federal government to pay damages.'" *Allred* 33 Fed.Cl. at 353, (quoting *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983), (*en banc*), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984)). There-fore, this court cannot reach the merits of plaintiff's due process claim absent a money mandating statutory or constitutional provision.

### CONCLUSION

Based upon the relevant case law, plaintiff has failed to state a claim upon which relief may be granted because she has not based her claim upon a contract, or a money mandating statutory or constitutional provision. Therefore, this courts must GRANT defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**