Orris B. MERCER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 01–270 C.

United States Court of Federal Claims.

June 21, 2002.

Robert E. Bergman, Warner Robins, GA, for plaintiff.

Ada E. Bosque, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant, with whom were James M. Kinsella, Deputy Director, David M. Cohen, Director,

and Robert D. McCallum, Jr., Assistant Attorney General.

## OPINION

DAMICH, Chief Judge.

### I. Introduction

This case involves Plaintiff's claims that he has been improperly denied promotion within the United States Air Force due to retaliation in his performance reports for having identified alleged over-billing practices by the military of the Veterans Administration (VA) for certain medical treatments. Plaintiff seeks: (1) promotion to Lieutenant Colonel and back pay for that rank; or, alternatively, (2) removal of the retaliatory performance report and of all subsequent performance reports and records tainted thereby, and a new selection board convened to weigh his promotion.[1] This action is before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Rules of the Court of Federal Claims (RCFC).[2] In the alternative, Defendant moves for Judgment Upon the Administrative Record, pursuant to RCFC 56.1. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED–IN–PART and DENIED–IN–PART and Defendant's Motion for Judgment Upon the Administrative Record is GRANTED.

### II. Background

Plaintiff Major Orris Mercer is on active duty in the United States Air Force. In 1993, he was assigned to audit and investigate certain Air Force billing practices under a resource sharing agreement between Air Force doctors and the VA. Plaintiff alleges that he suffered retaliation in his 1994 Officer Performance Report (OPR), which covered the period from May 1993 to May 1994,

as a result of an official audit report he submitted alleging that the Air Force had been overcharging the VA for certain medical treatments.[3]

The Secretary of the Air Force, acting through the Air Force Board for Correction of Military Records (AFBCMR), may correct any military record upon a finding of an error or injustice warranting relief. *See* 10 U.S.C. § 1552(a) (1992). In March of 1995, Plaintiff sought removal of his 1994 OPR from his basic records. He claimed that the 1994 OPR did not comply with the applicable regulations because a portion of the OPR (block VII) was not completed. Plaintiff's request was returned without action because he had failed to include a substitute performance report in accordance with Air Force Instruction 36–2401 (AFI 36–2401). To remedy the defect, he negotiated the addition of comments from a second officer (rater). These comments were incorporated into a substitute performance report (the amended 1994 OPR). The only difference between the unamended, or original, 1994 OPR and the amended 1994 OPR is that the amended OPR contains additional rater comments. It is noteworthy that, in his complaint before this Court, Plaintiff also describes the amended 1994 OPR as adverse and retaliatory.

In May of 1995, Plaintiff was referred to a Special Selection Board (SSB) to consider him for promotion to the rank of Lieutenant Colonel. The official selection record before the SSB included the amended OPR, but not the original OPR. The SSB did not recommend Plaintiff for promotion.

In February of 1995, Plaintiff filed a complaint with the Office of Inspector General for the Air Force (AFOIG), alleging that the original OPR was weak and executed in retaliation for his reporting of the alleged billing improprieties. In April of 1995, Plaintiff advised the AFOIG that he was filing a complaint with the Office of Inspector Gener-

---

1. On August 3, 2001, Plaintiff amended his complaint to exclude requests for the award of a Meritorious Service Medal, injunctive relief, and consequential damages.

2. The citations to RCFC herein will be to the rules in effect as of May 1, 2002, even though the

parties' pleadings may have cited to the numbering of rules in effect prior to that date.

3. Plaintiff describes the retaliatory force of the OPR as covert, written as a "weak wonderful" that subtly but effectively "damns" his performance "with faint praise."

al for the Department of Defense (DODIG) regarding the same allegation of retaliation. The AFOIG informed Plaintiff that it was closing its investigation since the DODIG would be handling the complaint. The DODIG determined that Plaintiff's allegations were not covered under the Military Whistleblower Protection Act or by other applicable department regulations.

In February of 2000, the AFBCMR referred Plaintiff's records for consideration for promotion to Lieutenant Colonel to two SSBs. Both SSBs had before them, *inter alia*, the amended 1994 OPR, but not the original 1994 OPR. Both SSBs convened in mid–2000 and neither recommended Plaintiff for promotion. In total, Major Mercer has been considered for promotion by five central selection boards and three SSBs. None of them determined that he be recommended for promotion.

On July 21, 2000, Major Mercer petitioned the AFBCMR, claiming that the original 1994 OPR was retaliatory and that it was improperly retained in his basic records (instead of the amended 1994 OPR), where it unfairly tainted subsequent raters, negatively affecting his chances for promotion.[4] In his petition to the AFBCMR, Major Mercer requested: (1) retroactive promotion to the rank of Lieutenant Colonel; (2) removal of the 1994 performance report; (3) reconstruction of his records to prevent discrimination by future boards; (4) back pay and allowance; and (5) legal expenses, personal expenses, and award of a Meritorious Service Medal.

On November 15, 2000, the AFBCMR denied Plaintiff's petition, making the following

findings: (1) the referral of Plaintiff to an SSB in 1994 was proper and fitting relief for the defect in the original 1994 performance report; (2) subsequent selection boards were provided only the amended 1994 OPR, which was held to be accurate; (3) pursuant to AFI 36–2401, the mere assertion that the original 1994 OPR was weak did not require its removal from Plaintiff's basic records; and (4) there was no evidence of retaliation. With respect to Plaintiff's suggestion that the retention of the unamended 1994 performance report in his basic records may have influenced subsequent raters, the AFBCMR concluded that Plaintiff should have specifically challenged the individual performance reports that he believed may have been tainted. The AFBCMR also found that the unamended OPR was not considered by any of the SSBs that had considered Plaintiff for promotion. It also concluded that Plaintiff had not suffered any error or injustice warranting direct promotion to the rank of Lieutenant Colonel.

## III. Discussion

### A Subject Matter Jurisdiction

■ Plaintiff claims subject matter jurisdiction under the Tucker Act pursuant to the Military Corrections Board statute, 10 U.S.C. § 1552 (Section 1552),[5] and the Military Whistleblowers Protection Act, 10 U.S.C. § 1034 (MWPA).[6] The Tucker Act, 28 U.S.C. § 1491, grants the Court of Federal Claims jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive

---

4. Plaintiff refers to the affidavit of a Colonel Joe Carter in support of his opposition to Defendant's Motion to Dismiss. According to the affidavit, Colonel Carter states that the unamended 1994 OPR was in Plaintiff's basic records and that Colonel Carter considered it in a subsequent performance report of Major Mercer. Because this affidavit was not a part of the record before the AFBCMR, however, this Court cannot properly consider it in evaluating Defendant's Motion for Judgment Upon the Administrative Record. RCFC 56.1. Further, Air Force Instruction 36–2406 (AFI 36–2406) specifically instructs raters to consider a servicemember's performance only during the review period in question.

5. 10 U.S.C. § 1552(a) allows a Secretary to "correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice."

6. The MWPA provides in part: "No person may take ... an unfavorable personnel action ... as a reprisal ... against a member of the armed forces for making or preparing ... a communication [to] ... any person or organization in the chain of command ..." if the servicemember "reasonably believes" the communication "constitutes evidence of ... a violation of law or regulation" or "gross mismanagement, a gross waste of funds, [or] an abuse of authority...."

department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It is well established that the Tucker Act is a jurisdictional statute and does not create any substantive right enforceable against the United States for any money damages. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Plaintiff's right of recovery must be based upon the Constitution, a federal statute, or a regulation which grants plaintiff, expressly or by implication, a right to be paid a certain sum. *Dehne v. United States,* 970 F.2d 890, 893 (Fed.Cir.1992).

With regard to Section 1552, the court has plainly acknowledged subject matter jurisdiction. *Ewing v. United States,* 36 Fed.Cl. 159, 161 (1996). "It is well settled that this court has jurisdiction to consider claims that the Secretary or a correction board has improperly failed to correct an alleged error or injustice." *Crispino v. United States,* 3 Cl.Ct. 306, 312 (1983) (citing *Sanders v. United States,* 219 Ct.Cl. 285, 300, 594 F.2d 804 (1979); *Armstrong v. United States,* 205 Ct. Cl. 754, 761, 1974 WL 21688 (1974); *Hertzog v. United States,* 167 Ct.Cl. 377, 1964 WL 8548 (1964)).

Defendant, on the other hand, also citing *Ewing,* argues that the subject matter jurisdiction of Section 1552 is only triggered once a correction board or the Secretary has made a correction to military records "and then fails to pay plaintiff the relief that has become due as a result of the correction." *Ewing,* 36 Fed.Cl. at 163. Although Major Mercer's records were corrected in two instances, in each instance he was then referred to an SSB for consideration for promotion and each SSB declined such recommendation. Thus, he is owed no money "due as a result of the correction" and accordingly there is no money-mandating provision of Section 1552 in question. "[Section 1552(c)] is not a money mandating statute absent a previous correction...." *Id.*

While Defendant's argument is pertinent to its motion to dismiss for failure to state a claim, pursuant to RCFC 12(b)(6), it does not suffice for dismissal for lack of subject matter jurisdiction. In *Ewing,* where the plaintiff had alleged no previous correction of her military records, the court specifically acknowledged subject matter jurisdiction and denied the defendant's motion to dismiss pursuant to RCFC 12(b)(1). *See also Wilson v. United States,* 24 Cl.Ct. 842, 845 (1992) (court cannot grant motion to dismiss if court could conceivably conclude military branch failed to follow its own regulations and, under such facts, plaintiff would be entitled to money damages for military's failure to promote).

■ Just as plainly, however, the court lacks jurisdiction over Plaintiff's claims pursuant to the MWPA. The MWPA "provides solely an administrative process for handling complaints of improper retaliatory personnel actions." *Soeken v. United States,* 47 Fed. Cl. 430, 433 (2000) (citing *Hernandez v. United States,* 38 Fed.Cl. 532, 536 (1997)). "Because the [MWPA] provides strictly administrative remedies, plaintiff does not have a private cause of action on which to file a claim in this court." *Id.* at 433. Accordingly, Plaintiff's claim under the MWPA is dismissed for lack of subject matter jurisdiction.

B. Failure to State a Claim Upon Which Relief May be Granted

1. Promotion

■ This Court does not have direct authority to promote Plaintiff to the rank of Lieutenant Colonel. Whether to promote a member of the armed services is a discretionary decision for the military leadership, which this Court cannot review. *Voge v. United States,* 844 F.2d 776, 781 (Fed.Cir. 1988). "Absent a statute or regulation entitling a service member to a promotion as a matter of law, [this Court] has no authority to entertain [such a] claim." *Id.* "Courts will not interject themselves into the promotion process." *Adkins v. United States,* 68 F.3d 1317, 1324 (Fed.Cir.1995). Therefore, as to promotion, Plaintiff has failed to state a claim upon which this Court can grant relief.

2. Back Pay

■ Plaintiff's appeal for an award of back pay cannot stand without a retroactive order

of promotion. Plaintiff claims he was arbitrarily and capriciously denied a promotion in rank. That claim then becomes the basis for his arguing the existence of a money-mandating entitlement under Section 1552 to back pay for the higher paid rank. His reliance on Section 1552 is premature:

> The Secretary concerned may pay ... a claim for the loss of pay ... if, as a result of correcting a record under this section, the amount is found to be due the claimant on account of his or another's service in the Army, Navy, Air Force, Marine Corps, or Coast Guard....

Section 1552(c).

Section 1552, as discussed above, is considered money-mandating, however, only when "the Secretary makes a correction to military records and then fails to pay plaintiff the relief that has become due as a result of the correction." *Ewing,* 36 Fed.Cl. at 163. Plaintiff here seeks just such a correction, but this Court cannot presume his entitlement to a discretionary promotion and then award him the back pay due therefrom. "The established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it." *Testan,* 424 U.S. at 402, 96 S.Ct. 948. Plaintiff was considered and passed over for promotion to the rank of Lieutenant Colonel by five central selection boards and three SSBs. Because Plaintiff has never held the rank of Lieutenant Colonel, the Government is not required to make back payments to him, even if he were eventually promoted (unless his promotion were made retroactive by the Secretary of the Air Force). *See Wilson,* 24 Cl.Ct. at 845.

Major Mercer is "in the situation of a commissioned officer who complains of a passover because improper material in his selection folder was considered by a selection board but ... is still serving without loss of his position and pay." *Sanders v. United States,* 219 Ct.Cl. at 297, 594 F.2d 804.

The facts in *Adkins* provide just the counterpoint to illuminate the weakness of Plaintiff's posture in the matter before this Court. *Adkins,* 68 F.3d at 1319–20. In *Adkins,* the plaintiff claimed he was improperly passed over for promotion from lieutenant colonel (LTC) to full colonel. Pursuant to "up or out" procedures within the Army, LTC Adkins was then selected for, and involuntarily took, early retirement. He sued for reinstatement to active duty, retroactive promotion to colonel, and back pay due him had he been promoted to colonel. The Federal Circuit held it had no authority to order his promotion, but remanded the case to the Court of Federal Claims to consider whether the Army violated non-discretionary procedures in its consideration of his promotion to colonel. Significantly, jurisdiction was provided by his amended complaint for reinstatement as lieutenant colonel and back pay *"based upon that rank." Id.* at 1321, 1324 (emphasis added).

Major Mercer, unlike LTC Adkins, asserts no claim for pay based upon his rank as major, but rather for the pay to which he would be entitled if he had been promoted. He argues that had the unamended OPR not been in his file, subsequent reviewers would have given more positive reviews, and he *might* therefore have been promoted. As Defendant correctly asserts, this Court cannot grant relief based upon such a "lengthy string of assumptions." *King v. United States,* 50 Fed.Cl. 701, 711 (2001).

Thus, this Court cannot grant relief on Plaintiff's claim for back pay.

3. Removal of Retaliatory Performance Report and Subsequent Tainted Reports, and Convening of New Selection Board to Weigh Promotion

■ While Plaintiff has failed to state claims for promotion and back pay upon which this Court can grant him relief, he has adequately stated a claim, sufficient to withstand the Government's motion to dismiss pursuant to RCFC 12(b)(6), for review of the decision of the AFBCMR regarding correction of military records and convening of a new selection board.

Plaintiff's complaint avers that the decisions of the AFBCMR denying his request to void his 1994 OPR and refusing to order deletion of the original 1994 OPR from his base level OPR file were arbitrary, capricious, an abuse of discretion, in bad faith and contrary to law and statute. Pl.'s Compl.

¶¶ 48, 49. Adequately stating such claims, of course, does not equate to prevailing upon them, but it enables Plaintiff at least to overcome Defendant's motion to dismiss.

The standard was clearly stated by the court in *Sanders:*

> Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, and money is due.

*Sanders,* 219 Ct.Cl. at 298, 594 F.2d 804. *Accord Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.1986).

The court in *Ewing* ordered dismissal of the plaintiff's suit for failure to state a claim upon which relief may be granted, just as Defendant seeks here. The distinction is that the plaintiff in *Ewing* not only failed properly to assert Section 1552 as a jurisdictional money-mandating statute but also failed even to allege "that any of [the] decisions at issue were arbitrary, capricious, in bad faith, unsupported by substantial evidence, or contrary to applicable law or regulation." *Ewing,* 36 Fed.Cl. at 163.

Accordingly, Defendant's motion to dismiss is denied as to failure to state a claim for correction of military records.[7]

C. Summary Judgment Upon the Administrative Record

■■■ This Court recognizes the fine line between jurisdiction to hear a claim and the impropriety of judicial intervention in matters of military competence. It is a matter of justiciability. "Even where a court possesses jurisdiction to hear a claim, it may not do so where the claim presents a nonjusticiable controversy—i.e., the claim is such that the court lacks 'ability to supply relief.'" *Adkins,* 68 F.3d at 1322 (quoting *Murphy v. United States,* 993 F.2d 871, 872 (Fed.Cir. 1993)). "[T]he existence of jurisdiction does not confirm the court's ability to supply relief. . . . The issue must also be justiciable; . . . [I]t depends on 'whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded.'" *Murphy v. United States,* 993 F.2d 871, 872 (Fed.Cir.1993) (quoting *Baker v. Carr,* 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). Thus, as the Federal Circuit observed in *Murphy,* "Justiciability is a particularly apt inquiry when one seeks review of military activities." *Id.* at 872. This reticence of courts to intervene in the discretionary military promotion process is because "[s]trong policies compel the court to allow the widest possible latitude to the armed services in their administration of personnel matters." *Sanders,* 219 Ct.Cl. at 302, 594 F.2d 804.

Nevertheless, "[n]ot every claim arising from a military decision presents a nonjusticiable controversy." *Adkins,* 68 F.3d at 1323. "Although the *merits* of a decision committed wholly to the *discretion* of the military are not subject to judicial review, a challenge to the particular *procedure* followed in rendering a military decision may present a justiciable controversy." *Id.* (emphases in original). The question, then, is whether there are procedural "tests and standards which [courts] can soundly administer within their special field of competence." *Voge v. United States,* 844 F.2d 776, 780 (Fed.Cir.1988).

---

7. This Court's procedural parsing and disposition of Defendant's motions to dismiss or for summary judgment are illuminated by the procedural treatment of a case of similar posture by the trial court in *Adkins v. United States,* 30 Fed.Cl. 158, 158, n. 1 (1993). "Defendant initially filed a motion to dismiss for failure to state a claim. . . . Because the defendant also raises a question as to the court's authority to review promotion decisions, an issue that arguably is non-jurisdictional, see *Murphy v. United States,* 993 F.2d 871 (Fed. Cir.1993), the court informed the parties that it would treat the motion as one for summary judgment." *Adkins,* 30 Fed.Cl. at 158, n. 1. The court's holding that plaintiff's claim presented a non-justiciable political question was reversed by the Federal Circuit, but the trial court's procedural conversion of the motion to dismiss into one of summary judgment was not disputed. *Adkins,* 68 F.3d 1317, 1326 (Fed.Cir.1995).

Even further, the procedural errors of a correction board must be material and there must be "an adequate nexus or link between the error or injustice and the adverse action (*e.g.*, passover and nonselection for promotion)." *Hary v. United States,* 223 Ct.Cl. 10, 15, 618 F.2d 704 (1980). Finally, plaintiff must overcome a presumption that "administrators of the military ... discharge their duties correctly, lawfully, and in good faith." *Braddock v. United States,* 9 Cl.Ct. 463, 472 (1986).

In light of the foregoing standards, Plaintiff's burden is considerable and he has failed to demonstrate material facts in dispute or clear procedural errors—directly relating to his non-promotion—on the part of the AFBCMR sufficient to forestall summary judgment against him.

In *Adkins,* the Federal Circuit emphasized its concern that the Army Secretary materially erred in its procedures in disregarding the recommendation of the Army Board for Corrections of Military Records to expunge LTC Adkins's adverse evaluation report in consideration of his promotion. In Major Mercer's case, on the other hand, the AFBCMR found no material error in his records as they were considered by the selection boards that considered him for promotion.

A recitation of the pertinent facts in the Administrative Record is revealing. The AFBCMR found no evidence that either Plaintiff's unamended or amended 1994 OPR was retaliatory. The amended 1994 OPR differed from the unamended OPR only in the former's inclusion of comments of an additional rater, rather than in any correction of the initial rater's comments. Plaintiff actually negotiated to obtain the additional comments of the amended OPR. None of Plaintiff's SSBs ever saw the unamended 1994 OPR. Plaintiff only speculates that the

unamended 1994 OPR influenced later performance reports.[8] AFI 36–2406 specifically instructs raters to consider a servicemember's performance only during the review period in question. Major Mercer had the prerogative to challenge the accuracy of later OPRs that he might have considered unfairly tainted by the unamended 1994 OPR, but did not exercise any challenge to his OPRs other than to the original 1994 OPR. Plaintiff only speculates that later selection boards that did not recommend him for promotion were unfairly influenced by later raters, whose performance reports were allegedly tainted by access to the unamended 1994 OPR. AFI 36–2401 does not require the voiding of a performance report if an alleged error can be corrected administratively, such as by inclusion of an amended OPR.

In sum, there is no clear and convincing evidence of material procedural error that has deprived Major Mercer of a fair opportunity to be considered for promotion. The merits of his various performance reports are discretionary matters within the purview of the military. There is no meaningful standard of review for this Court to apply to second-guess the Air Force's promotion determinations. *Murphy,* 993 F.2d at 873.

## IV. Conclusion

For the reasons stated above, it is hereby ORDERED that Defendant's Motion to Dismiss is GRANTED–IN–PART and DENIED–IN–PART. It is further ORDERED that Defendant's motion for Judgment Upon the Administrative Record is GRANTED.

The Clerk of the Court is directed to enter judgment in favor of the Defendant and dismiss the complaint.

---

**8.** As Colonel Carter's affidavit was not part of the record before the AFBCMR, it could not therefore have been arbitrary or capricious for the AFBCMR to have relied on a presumption of later raters' adherence to AFI 36–2406. *See* note 2, *supra.* More significantly, inasmuch as Major Mercer has alleged that even the amended 1994 OPR was adverse and retaliatory in purpose and effect, it is not material whether subsequent ra-

ters might have been influenced by the original 1994 OPR instead of by the amended OPR. Consistent with Plaintiff's speculation that subsequent raters were improperly influenced, the taint of either 1994 OPR, to the extent that their negative connotations were evident, would have been equally adverse. In either event, there was no material procedural error.