# In the United States Court of Federal Claims

No. 11-765C
Filed: March 20, 2013

*    *    *    *    *    *    *

| | | |
|---|---|---|
| MORRIS SHELKOFSKY, | * | |
| Plaintiff, | * | Motion for Judgment on the Administrative Record; Military Retirement Pay; Disability Retirement Pay; Severance Pay; Supplementation of Record |
| v. | * | |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

*    *    *    *    *    *    *

*Morris Shelkofsky*, Tallahassee, FL, *pro se.*

*Barbara E. Thomas*, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

**HODGES**, **Judge.**

Administrative confusion has plagued Mr. Shelkofsky in his dealings with various military retirement agencies. He brings this claim for reserve retirement pay and reserve retirement back pay in hopes that this court will sort it out. Once the disordered factual history of his problem becomes clear, however, the unfortunate result is that we have no basis for assisting this plaintiff. The errors of the past, some of which have been of Mr. Shelkofsky's own making, bring him to this court's review of a Board for Correction of Military Records decision that is entitled to substantial deference.

Reduced to its essence, this case involves plaintiff's having received disability pay when he retired from the Air Force in 2000, when he should have received the severance pay that he elected. This error aside, however, plaintiff has no legal entitlement to the reserve retirement pay he seeks in this action. We grant defendant's motion for judgment on the administrative record for the reasons explained below.

## BACKGROUND

Plaintiff is a former judge advocate in the Air Force Reserve, having retired in 2000.

He was injured in an automobile accident in 1997, and the Air Force determined that the accident occurred in the line of duty. Plaintiff was discharged. When he was separated from the Air Force, he was given two options – disability severance pay or inactive reserve status. He would have been eligible for reserve retirement pay at sixty years of age had he chosen the inactive reserve; reserve retirement is the remedy he seeks in this action. Instead, plaintiff chose severance pay. He signed a statement that reads, "I understand that I forfeit all rights to receive retired pay." However, plaintiff never received the severance pay he elected. Apparently, he was transferred from the Temporary Disability Retirement List, where he was listed prior to his separation, to the Permanent Disability Retirement List. This was error.[1] The Administrative Record does not contain an explanation for his transfer to the Permanent Disability Retirement List, or a statement of what the financial consequences of the error would be to Mr. Shelkofsky. He received disability retirement payments for the next seven years.

Plaintiff filed for a correction of his military records when he reached age sixty, asking to be placed on the inactive status list. On that list, he would be eligible to collect reserve retirement pay. Plaintiff explained to the Air Force Board for Correction of Military Records that he had never received severance pay, a fact that was verified by the military. He did not mention at the time, and the military apparently did not realize then, that plaintiff had been collecting disability retirement instead, for the past seven years. The Air Force Board granted plaintiff's request to be moved to the inactive status list in 2008.

The responsibility for implementing the Board's decision fell to the Defense Finance and Accounting Service. That group realized the error when it attempted to move plaintiff to the inactive reserve list. The Defense Finance and Accounting Service informed Mr. Shelkofsky that he was on the Permanent Disability Retired List already, and that compliance with the Board's decision would mean that he would have to pay back the disability retired pay he had been receiving for the previous seven years.

Plaintiff then asked the Air Force Board to withdraw its approval of his request to be moved to the inactive status list, explaining that he did not want to incur such a debt. The Board agreed to void its earlier decision. Thereafter, the Defense Finance and Accounting Service stopped sending plaintiff the disability payments that it had been making in error, leaving plaintiff "in limbo."

Plaintiff next asked for reinstatement of the Board's 2008 Order, so that he could try again to get age-based reserve retired pay. This was the Order that he had successfully petitioned the Board to have voided. Plaintiff asked in the alternative for an adjustment to his assigned disability percentage so that he would be eligible to stay on the permanent disability retired list (where he had erroneously spent the previous seven years). Plaintiff's request for reinstatement of the Board's decision eventually became another application for the correction of records in 2010, after letters to the military remained unanswered.

---

[1] Plaintiff was retired at a disability rating of 20%. A rating of 30% is necessary to be on the permanent disability retired list. *See* 10 U.S.C. § 1204(4)(B).

2

The Board for Correction of Military Records denied plaintiff's request for reversal and a later motion for reconsideration. The Board stated that the "previous decision of the Board is final and conclusive on all officers of the government, unless obtained by fraud." The "previous decision" referred to its decision to withdraw its prior approval of plaintiff's request.[2] The Order stated that plaintiff made no showing of fraud or "an error or an injustice for which the Air Force is culpable." With regard to plaintiff's "assertion that he never received the severance pay to which he was entitled," the Board noted, "that is an issue best resolved between the applicant and [Defense Finance and Accounting Service]."

Mr. Shelkofsky asked on reconsideration that the Board take into account his combined disability rating of 60 percent awarded by the Department of Veterans Affairs. The Board found "there was no evidence submitted to show that at the time of [Mr. Shelkofsy's] removal from the [Temporary Disability Retirement List], his medical condition was such that it warranted a permanent disability retirement." The Board again denied relief.

In summary, plaintiff elected severance pay upon separation from the Air Force. He never has received severance pay. Instead, he was paid disability retirement for seven years. Those payments were made in error, and they have been stopped. The appeal before this court involves the Board's decision to deny him reserve retirement pay, which he chose not to receive when he elected to receive severance instead. He chose not to receive the retirement pay again when he asked the Board to reverse its prior decision granting him retirement pay. Plaintiff seems to want either reserve retirement pay or disability retirement pay. He does not seek severance pay, which is the only category of pay that he elected at separation from the Air Force.

## ARGUMENTS

Plaintiff contends that he is entitled to retirement or disability pay by operation of law. He completed twenty good years of service and was given notice of those twenty good years in an order that he claims was "self-executing." A member of a military reserve component is entitled to retired pay if he (1) has attained the eligibility age applicable, 60 in this case; (2) has performed at least 20 years of service; and (3) is not entitled to retired pay from another armed force. 10 U.S.C. § 12731(a). The Government does not dispute that plaintiff meets these criteria. Plaintiff also cites a section on disability pay that covers members of a reserve, stating that they may qualify for non-age-based retired pay if disabled while on active duty. 10 U.S.C. § 1204.

A third statute invoked by Mr. Shelkofsky provides that once the Government granted him reserve retired pay, it could not be revoked. 10 U.S.C. § 12738(a) ("After a person is granted retired pay under this chapter, or is notified in accordance with section 12731(d) of this title that the person has completed the years of service required for eligibility for retired pay under this chapter, the person's eligibility for retired pay may not be denied or revoked on the basis of any error, miscalculation, misinformation, or administrative determination of years of

---

[2] The Board did not comment on the reason it readily reversed its first decision. It did not suggest that plaintiff fraudulently obtained that ruling.

3

service, . . . unless it resulted directly from the fraud or misrepresentation of the person.").

Defendant responds that plaintiff's current ineligibility for retired pay does not result from the causes listed in the statute, but from waivers of his right to retired pay. Electing severance pay in lieu of retirement pay waives any right to military retirement. *Barnick v. United States*, 80 Fed. Cl. 545, 557 n.10 (2008). Furthermore, plaintiff waived any protections of section 12731(d) because he did not raise the matter at the Board. Defendant argues that the Board acted reasonably when it declined to revisit its decision vacating an earlier order that would have rendered Mr. Shelkofsky eligible for age-based retirement pay.

Plaintiff asked to supplement the Administrative Record with documents related to his placement on the Permanent Disability Retired List at the time of his separation. Plaintiff claims that he was placed correctly on the PDRL because a Veterans Administration Rating decision found that he had conditions bringing him above the 30% disability threshold requirement for placement on the permanent list. He would have sought review of the Air Force's disability rating then, plaintiff states, had he known that it would prevent him from qualifying for disability retirement pay. This argument is not relevant to his complaint to this court for age-based retirement pay, but supports his alternative argument to the Board. Defendant argued that supplementation of the record was inappropriate in these circumstances.

**DISCUSSION**

Mr. Shelkofsky presented his claim first to the Air Force Board for Correction of Military Records, so judicial review is limited to the Board's resolution of the claim. *Metz v. United States*, 466 F.3d 991, 999 (Fed. Cir. 2006). Moreover, we must evaluate the Board's decision under a deferential standard – whether the decision was "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Lewis v. United States*, 458 F.3d 1372, 1376 (Fed. Cir. 2006) (citing *Martinez v. United States*, 333 F.3d 1295, 1314 (Fed. Cir. 2003)). This is a "difficult standard of proof" for plaintiff to meet. *Mercer v. United States*, 52 Fed. Cl. 718, 723 (2002). A court's review of rulings from the Corrections Board is "necessarily limit[ed] . . . to the administrative record" generated during board proceedings. *Metz*, 466 F.3d at 998. The record may be supplemented "only if the existing record is insufficient to permit meaningful review consistent with the APA." *Walls v. United States*, 582 F.3d 1358, 1368 (Fed. Cir. 2009).

Plaintiff's claim to the Board did include an argument in the alternative that he should continue to receive disability-based retirement, but that claim was not articulated in his Complaint to this court; the Complaint seeks "Reserve retirement pay and back Reserve retirement pay." If we were to construe plaintiff's Complaint to claim disability-based retirement in the alternative, our review would still be limited to the Board's decision and the record before it then. The Board had no evidence to support plaintiff's contention that he should have been retired at a higher disability rating.

The Board emphasized that its previous decision correcting the original decision was "final and conclusive on all officers of the government, unless obtained by fraud." It noted that plaintiff elected to be discharged with severance pay. If plaintiff did not receive severance pay,

4

"that is an issue best resolved between the applicant and DFAS." Indeed, the pay that plaintiff chose at the time of his separation is not a subject of this appeal. The Board determined that no corrective action was warranted in plaintiff's case.

While Mr. Shelkofsky appears to meet the statutory requirements for retirement pay eligibility, he waived his right to age-based retirement pay when he was separated from the Air Force in 2000. While his case has been infected by an odd series of government errors, we must conclude that the Board's decision not to award plaintiff retirement pay at this juncture was not arbitrary, capricious, or contrary to law.

## CONCLUSION

We cannot say the Board's decision was unlawful.[3] The Government's motion for judgment on the administrative record is GRANTED. The clerk will enter judgment accordingly. No costs.

_____
Robert H. Hodges, Jr.
Judge

---

[3] This court's review is limited to an evaluation of the Board's refusal to reinstate its original ruling in plaintiff's favor; we have few equitable powers in Board review cases. However, plaintiff's election in 2000 was to receive severance pay. This election is evidenced by a form in the Record showing that he made that choice and waived any retirement pay. Therefore, an obvious and more equitable action for the Board to take in resolving the case is to give plaintiff the severance pay to which he was entitled and that he elected upon separation, set off by the disability retirement pay that he has received in error since 2000. The Record does not show what plaintiff thought he had been receiving monthly checks for during the past seven years, but defendant's error in the beginning made possible all the errors and confusion since.