NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MORRIS SHELKOFSKY,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5083

---

Appeal from the United States Court of Federal Claims in No. 11-CV-0765, Senior Judge Robert H. Hodges, Jr.

---

Decided: October 11, 2013

---

MORRIS SHELKOFSKY, Tallahassee, Florida, pro se.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

---

Before RADER, *Chief Judge,* LOURIE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Plaintiff Morris Shelkofsky appeals the decision of the United States Court of Federal Claims ("Claims Court") granting the Government's motion for judgment on the administrative record. In granting the motion, the Claims Court found that the Air Force Board for Correction of Military Records' ("AFBCMR") decision to deny Shelkofsky's requests for age-based retirement pay based on a previous final decision and his explicit waiver was neither arbitrary, capricious, contrary to law, nor unsupported by substantial evidence. *Shelkofsky v. United States*, 110 Fed. Cl. 15, 18 (2013).

For the reasons below, we *affirm* the judgment of the Claims Court.

## BACKGROUND

Shelkofsky is a former judge advocate in the Air Force Reserve. In 1997, he was involved in a car accident that left him with substantial injuries. As a result, he was removed from active duty and placed on the Temporary Disability Retired List ("TDRL") on May 27, 1998. In a letter dated June 12, 2000, the Air Force informed Shelkofsky that it was removing him from the TDRL because he did not qualify for transfer to the Permanent Disability Retired List ("PDRL") and could not continue on the TDRL due to his recently decreased 20 percent disability rating.

When he was discharged, the Air Force provided him with two options: disability severance pay or inactive reserve status. If Shelkofsky had elected inactive reserve status, he would have been eligible for reserve retirement pay at sixty years of age. Instead, Shelkofsky elected disability severance pay and signed a form that stated "I

elect to be discharged with severance pay as provided under Section 1203, Chapter 61, Title 10 USC. I understand that I forfeit all right to receive retired pay under Chapter 1223, 10 USC, at age 60." Appellant Appendix A45-46. In a letter dated July 10, 2000, the Air Force stated that it would remove Shelkofsky from the TDRL and discharge him with entitlement to disability severance pay as of July 30, 2000.

Shelkofsky, however, never received the disability severance pay he elected. By an administrative error, the Air Force transferred him from the TDRL to the PDRL. Since his disability rating at retirement was only 20 percent, he should not have been transferred to the PDRL, which requires a rating of at least 30 percent. The Administrative Record did not contain an explanation for his transfer to the PDRL. He continued to receive disability retirement payments for more than seven years.

In 2008, after reaching the age of 60, Shelkofsky filed for a correction of his military records at the AFBCMR asking for placement on the inactive status list. If listed, he would be eligible to collect reserve retirement pay. In his request, he explained that he never received severance pay, but did not mention at the time, that he had been collecting disability retirement pay instead. After verifying that Shelkofsky never received severance pay, the AFBCMR granted the request to correct his records to allow him to move to the inactive status list in 2008.

While attempting to implement the AFBCMR's decision, the Defense Finance and Accounting Service ("DFAS") realized Shelkofsky's erroneous inclusion on the PDRL when it attempted to move him to the inactive reserve list. The DFAS informed Shelkofsky that he was already listed on the PDRL, and that compliance with the AFBCMR decision would require him to pay back the disability retired pay he received for the previous seven years.

In response, Shelkofsky asked the AFBCMR to withdraw its approval of his request to correct his records to move to the inactive status list, explaining his desire not to incur such a debt. The AFBCMR agreed to void its earlier decision. In 2009, the DFAS then stopped sending disability retirement payments after determining Shelkofsky had never been eligible for the PDRL.

Shelkofsky then asked for reinstatement of the recently voided AFBCMR order to again obtain age-based reserve retired pay, or in the alternative, for an adjustment to his assigned disability percentage so that he would be eligible to stay on the permanent disability retired list. The AFBCMR denied his request, finding that the previous decision to withdraw its prior approval was final and conclusive, unless obtained by fraud. Shelkofsky then asked for reconsideration of his request for placement on the PDRL based on a more recent disability rating of 60 percent awarded by the Department of Veterans Affairs. The AFBCMR denied his request, finding he submitted no evidence to show that his medical condition warranted permanent disability retirement *at the time of his removal from the TDRL*, when he had only a 20 percent disability rating.

In November 2011, Shelkofsky filed a complaint in the Claims Court asserting claims only for reserve retirement pay and back reserve retirement pay. Complaint at 1-3, *Shelkofsky v. United States*, No. 11-0765 (Fed. Cl. Nov. 14, 2011), ECF No. 1.[1] In a March 20, 2013 decision, the Claims Court ordered judgment on the administrative record in favor of the United States finding that the AFBCMR's decision to deny retirement pay was not arbitrary, capricious, or contrary to law. *Shelkofsky,* 110

---

[1]    Shelkofsky did not seek the unpaid severance pay in this proceeding; his right to severance is, thus, not at issue in this appeal.

Fed. Cl. at 18. In reaching this conclusion, the Claims Court, concluding both that the AFBCMR had found its decision voiding the original decision "final and conclusive on all officers of the government, unless obtained by fraud," and that Shelkofsky had waived his right to age-based retirement pay when he elected to be discharged with severance pay. *Id.* The Claims Court also noted that "the pay that plaintiff chose at the time of his separation is not a subject of this appeal." *Id.*

Shelkofsky appeals that ruling to this Court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

I.   Standard of Review

As a judgment on the administrative record by the Claims Court is a legal determination, we review the judgment de novo. *Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004). This Court may disturb the decision of the Board only if it was "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Id.*

II.   Waiver of Retirement Pay

A member of a military reserve component is entitled, upon application, to retired pay if he: (1) has attained the applicable eligibility age; (2) has performed at least 20 years of service; and (3) is not entitled, under any other provision of law, to retired pay from an armed force. *See* 10 U.S.C. § 12731(a). Here, the applicable eligibility age is 60 years. *Id.* § 12731(f)(1). In the proceedings below, the Government did not dispute that Shelkofsky meets all of these criteria. *Shelkofsky*, 110 Fed. Cl. at 17. Nonetheless, the Claims Court found that, "[w]hile Mr. Shelkofsky appears to meet the statutory requirements for retirement pay eligibility, he waived his right to age-based retirement pay when he was separated from the Air Force in 2000." *Id.* at 18. Therefore, while the Claims Court

noted that this case had been "infected by an odd series of government errors," it concluded that the AFBCMR's decision not to award retirement pay was not arbitrary, capricious, or contrary to law. *Id.* We agree.

In an August 2008 memorandum, the AFBCMR granted Shelkofsky's request to correct his military records to place him on the inactive status list reserve section. Shortly thereafter, DFAS informed Shelkofsky that this correction could not be accomplished because he was already retired on the PDRL and would need to return seven years of disability retirement pay. A60-61. In response, he asked to withdraw his previous request to correct his military records. A59. In a Corrected Directive, the AFBCMR then declared the previous memorandum void. A64. After the memorandum was declared void, DFAS notified Shelkofsky that he was also going to be removed from the PDRL as he never qualified for the PDRL. A65. Shelkofsky, again, approached the AFBCMR, this time asking it to reinstate his previous request to place him on the inactive status list reserve section. In a March 15, 2011 decision, the AFBCMR found that:

> After a thorough review of the available evidence, we are not persuaded any corrective action is warranted. In this respect, we note that on 30 Jul 00, the applicant's name was removed from the TDRL and he was discharged by reason of physical disability, with entitlement to severance pay. At that time, he had the option to transfer to [the inactive status list] and instead elected to be discharged with severance pay, acknowledging that he understood that he would forfeit all rights to receive retired pay at age 60, under the governing statute.

A73. The AFBCMR also found the previous decision to void the memorandum "final and conclusive on all officers

of the government, unless obtained by fraud." *Id.* And, the AFBCMR noted no showing of fraud. *Id.*

Electing severance pay in lieu of retirement pay waives any right to military retirement. *Barnick v. United States*, 80 Fed. Cl. 545, 557 n.10 (2008) ("When Mr. Barnick made his election to accept severance pay, in lieu of retirement pay, he waived any right to a military retirement."). Here, Shelkofsky has forfeited his right to age-based retirement pay, not once, but twice. He first forfeited his right when he elected severance pay and signed a form that stated "I elect to be discharged with severance pay as provided under Section 1203, Chapter 61, Title 10 USC. I understand that I forfeit all right to receive retired pay under Chapter 1223, 10 USC, at age 60." When Shelkofsky requested AFBCMR to void the memorandum correcting his records by moving him to the inactive status list reserve section, he again forfeited his right to age-based retirement pay. The AFBCMR's decision to void the memorandum also became final and conclusive. Based on this reasoning, we find the AFBCMR's decision denying retirement pay was not arbitrary, capricious, or contrary to law.

### III. Non-Revocation Provision

Shelkofsky argues that the judgment below is clearly erroneous as it ignores his entitlement to the non-revocation provisions of 10 U.S.C. § 12738. Section 12738(a) states:

> After a person is granted retired pay under this chapter, or is notified in accordance with section 12731(d) of this title that the person has completed the years of service required for eligibility for retired pay under this chapter, the person's eligibility for retired pay may not be denied or revoked on the basis of any error, miscalculation, misinformation, or administrative determination of years of service performed as required by section

> 12731(a)(2) of this title, unless it resulted directly
> from the fraud or misrepresentation of the person.

10 U.S.C.A. § 12738(a) (West 2013). The Claims Court acknowledged the Government's argument that Shelkofsky failed to raise § 12738 before the AFBCMR, but did not further address this issue, apparently agreeing it had been waived. *See Metz v. United States*, 466 F.3d 991, 999 (Fed. Cir. 2006) ("general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objections made at the time appropriate under its practice." (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)). Here, Shelkofsky argues that he did raise § 12738 before the AFBCMR. In support, he points to a memorandum written by the Air Force Personnel Center for the AFBCMR regarding transfer to the inactive status list reserve section under 10 U.S.C. § 12732. A50. Despite Shelkofsky's suggestion to the contrary, mere reference to 10 U.S.C. § 12732 does not invoke the non-revocation provision of 10 U.S.C. § 12738.

The memorandum provides no mention of the non-revocation provision and does not cite 10 U.S.C. § 12738. Nor has Shelkofsky pointed to any other place in the AFBCMR record where he asserted non-revocation, or non-revocation was even discussed. As such, we find that the Claims Court did not err in not addressing the non-revocation provision.

## IV. Disability Retirement Pay

Shelkofsky argues that the Claims Court's decision that the Air Force erred in placing him on the PDRL was unsupported by substantial evidence. Shelkofsky never made any claim for disability-based retired pay in his complaint before the Claims Court, however. He concedes, moreover, that this "appeal deals with the entitlement of a long serving Reservist to Reserve Retirement and Pay under 10 U.S.C. §§ 12731-12739. The scope of

the decision of the Honorable Court below was clearly limited to Reserve Retirement and Pay and excluded Disability Retirement and Pay and Severance Pay." Appellant Reply Br. 3. Given this record and these concessions, we decline to address these arguments.

## V. Administrative Record

Shelkofsky also attacks the Administrative Record directly. He alleges the record cannot support the judgment because it is deficient in certain material respects; he asserts the record is uncertified, undated, missing pages, and missing documents. The Government responds that Shelkofsky's complaints of deficiencies in the Administrative Record were either immaterial, or not presented to the Claims Court, and therefore, waived. We agree.

Shelkofsky does not identify any material finding of the AFBCMR that lacks substantial evidentiary support in the record. He alleges that the record is missing documents regarding advice on severance pay and the AFBCMR's consideration of the non-revocation statute. As noted above, however, the documents regarding the advice on severance pay and non-revocation are not relevant to any properly preserved claim. Shelkofsky is not seeking severance pay in this appeal and he failed to raise the non-revocation argument before the AFBCMR. Further, Shelkofsky has not established that the missing documents, or any other listed deficiency, affected the AFBCMR's decision. We find accordingly, that any gaps in the Administrative Record had no impact on the decisions below.

## CONCLUSION

For these reasons and because we find that Shelkofsky's remaining arguments are without merit, we affirm the judgment of the Claims Court.

## **AFFIRMED**