# United States Court of Federal Claims

No. 15-1168 C
May 6, 2016

* * * * * * * * * * * * * * * * * * * * * *

**LEONARD H. DEEMER,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

Military Pay; Disability
Severance Pay; Age-based
Retirement; Jurisdiction; Statute
of Limitations; RCFC 12(b)(1)
and 12(b)(6)

* * * * * * * * * * * * * * * * * * * * * **

*David B. Bush, Esq.*, DavidLaw, LLC, Wheat Ridge, CO, for plaintiff.

*William J. Grimaldi, Esq.*, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

**YOCK,** *Senior Judge.*

This military pay case is before the court on defendant's motion to dismiss. Plaintiff, Leonard Deemer, a retired Commander in the United States Navy Reserve, alleges that he is entitled to age-based retirement pay under 10 U.S.C. § 1213 and 10 U.S.C. § 1414. Defendant has filed a motion to dismiss pursuant to 28 U.S.C. § 1951 and Rules of the Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6) for lack of jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court shall grant defendant's motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a former member of the United States Navy Reserve, having attained the rank of Commander. Def.'s Mot. at 3. Plaintiff enlisted in the United States Navy Reserve on December 29, 1953 and performed periods of both active and inactive/reserve

duty. *Id.* at 4.  By June 1984, plaintiff had accumulated sufficient creditable service to qualify for age-based retirement pay.  By letter dated June 8, 1984, plaintiff was informed that he would "be eligible for retired pay upon application at age 60 in accordance with the provisions of Title 10, U.S. Code, Chapter 67." *Id.*  Plaintiff was 47 years old at the time. *Id.*

After receipt of this letter, but before turning 60, plaintiff developed a physical impairment related to his service. *Id.*  A physical evaluation board examined his records and determined that plaintiff should be assigned a 10 percent disability rating. *Id.* Accordingly, the board found that plaintiff's disabling condition rendered him unfit for continued service.  Thereafter, the Navy presented plaintiff with an option: plaintiff could either receive an immediate lump sum disability severance of $98,942.40, or he could wait until he turned 60, at which point he would begin to receive normal reserve retired pay. *Id.*  Plaintiff elected to receive the lump sum payment and on January 31, 1990, was separated from the Navy Reserve at the age of 53. *Id.* at 5.

Soon thereafter, plaintiff petitioned the Board for Correction of Naval Records ("BCNR") to increase his disability rating to 30 percent and award him disability retirement.  The BCNR denied this request. *Id.* Subsequently, plaintiff submitted a request to be transferred to the Retired Reserve. *Id.*  For reasons which remain unclear, although plaintiff was a civilian at this point due to his separation from the Navy, the Navy sent plaintiff a letter on September 16, 1991, informing him that his request had been approved and that he had been transferred to the Retired Reserve "without pay or allowances authorized by [Title 10, U.S. Code, Chapter 67]." *Id.*

**B. Procedural Background**

On February 8, 2007, plaintiff petitioned the BCNR to correct his naval records to reflect that he was entitled to receive retired pay and that he was not discharged with disability severance on January 31, 1990. Mot. to Dismiss at 5.  The BCNR denied this request on June 27, 2008. *Id.*  The BCNR found that, because plaintiff chose to accept a lump sum payment for disability severance, he was no longer eligible for retired pay. *Id.* The BCNR further denied plaintiff's request to reconsider its decision on December 5, 2008. *Id.*

On November 3, 2014, plaintiff filed a complaint in the United States District Court for the District of Colorado, asserting that he was entitled to retirement pay. Compl. ¶ 3.  Defendant then moved to dismiss, arguing that plaintiff's complaint was filed in the improper venue and should have been filed at the United States Court of Federal Claims.[1]  The district court found that, because the Court of Federal Claims had

---

[1] Defendant also argued that the complaint should be dismissed due to the statute of limitations and for failure to state a claim.  Because the District Court for the District of Colorado determined that it did not have jurisdiction to hear plaintiff's claim, it did not reach a decision on the merits of these other arguments.

exclusive jurisdiction over military pay cases, it did not possess jurisdiction to entertain plaintiff's claims, and ordered the case transferred to the Court of Federal Claims.

On October 27, 2015, plaintiff filed his transfer complaint. ECF No. 5.  Defendant filed its motion to dismiss on December 28, 2015. ECF No. 7.  Plaintiff filed his response on February 17, 2016, and defendant filed its reply on March 21, 2016.  The matter is now ripe for disposition.

## II. LEGAL STANDARDS

In assessing a motion to dismiss, the court accepts as true all undisputed allegations of fact asserted by the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974), *abrogated on other grounds by Davis v. Scherer,* 468 U.S. 183, 82 L. Ed. 2d 139, 104 S. Ct. 3012 (1984).  If the plaintiff pleads sufficient facts to meet the jurisdictional burden, a motion to dismiss for failure to state a claim upon which relief can be granted may still properly intercede and prevent trial if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

Determining jurisdiction "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1464 (Fed. Cir. 1997).  The plaintiff bears the burden of establishing jurisdiction, when this Court's subject matter jurisdiction is at issue. *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998).

## III. DISCUSSION

Defendant raises several reasons why it believes plaintiff's complaint should be dismissed.  First, it is argued that plaintiff's claims are barred by the statute of limitations.  Mot. to Dismiss at 8.  Second, it is argued that plaintiff has failed to identify a money-mandating statute as required by the Tucker Act. *Id.* at 10.  Third, it is argued that this court lacks jurisdiction to entertain plaintiff's claims for Veterans Administration ("VA") benefits. *Id.* at 12.[2]  In the alternative, defendant argues that plaintiff has failed to state a claim upon which relief can be granted because he fails to meet the statutory

---

[2] Plaintiff's complaint asks for the court to "[o]rder the continuation of full retirement benefits to Cdr. Deemer plus full VA benefits." Compl. ¶ 20.  However, in the response, plaintiff notes that "Cdr. Deemer does not seek review of his VA benefits. . . ."  Response at 13.  It is well-settled that this court does not possess jurisdiction to entertain challenges to the VA benefits system.  *See Bargsley v. United States*, 120 Fed. Cl. 619, 633-34 (2015); *Carlisle v. United States*, 66 Fed. Cl. 627, 633 (2005).  Thus, the court cannot consider any challenge plaintiff may make to his current VA benefits.

requirements for receiving age-based retirement pay. *Id.* at 14. The court shall address these arguments in turn.

Defendant first contends that plaintiff's claims are barred by the statute of limitations because plaintiff has failed to file his complaint within the six-year statutory window. Mot. to Dismiss at 8. Statutorily, a plaintiff shall be barred from filing a complaint unless "the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The heart of the matter is that the parties disagree on when precisely plaintiff's claim began to accrue. Defendant argues that on January 31, 1990, the date Cdr. Deemer accepted his lump sum severance payment and was discharged, all events had occurred that fixed the government's liability relating to any challenge of the discharge and severance pay, and thus that date is when the statute of limitations began to run. Mot. to Dismiss at 9. Plaintiff argues that the statute does not begin to run until the first competent board review occurs, which is argued to be December 5, 2008, the date when the BCNR denied plaintiff's request for retirement pay. Pl.'s Resp. at 8.

The jurisdiction of this court is set forth in the Tucker Act, 28 U.S.C. § 1491. Every claim of which this court has jurisdiction shall be barred unless "the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statute of limitations is jurisdictional and may not be waived because it implicates the Government's waiver of sovereign immunity. *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003); *see also Hart v. United States*, 910 F.2d 815, 818-19 (Fed. Cir. 1990). "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." *Martinez,* 333 F.3d at 1303 (quotation marks and citation omitted). When the statute of limitations begins to run is a matter of the particular claim asserted by the plaintiff. A claim alleging an unlawful discharge from the military accrues when the member is discharged or separated from active duty status. *Martinez v. United States*, 333 F.3d at 1301-03. Because it is a permissive remedy, resort to a correction board does not toll the running period of the statute of limitations, nor does an adverse decision by a board create a new period of limitations. *Id.* at 1312. Conversely, a cause of action upon a claim for disability benefits first accrues when the service member seeks and is denied disability benefits from a board competent to grant such benefits, either a physical disability board or a correction board. *See Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005).

In the instant case, it is clear that plaintiff's claim is one for unlawful discharge resulting in the denial of age-based retirement benefits and not a claim for denied disability benefits. The pay plaintiff asks to receive is age-based retirement pay which a service member obtains a right to when he reaches 60 years of age and has surpassed the service time threshold – disability of a service member plays no part in this determination. Plaintiff is asking for a benefit which he alleges has been denied to him

due to his discharge. Plaintiff's argument that the adverse decision of the BCNR began the statute of limitations is unavailing because, as mentioned above, plaintiff's claims is one for benefits denied by a discharge rather than based upon a claim for disability benefits, and an adverse decision from a board competent to grant benefits is not required. Accordingly, the court finds that the statute of limitations began to run when plaintiff was separated from the Navy, on January 31, 1990. It is obvious then that plaintiff's claims are barred by the statute of limitations because plaintiff did not file his complaint within six years of January 31, 1990. The plaintiff filed this action in the District Court of Colorado on November 3, 2014 – some 24 years after his claim first accrued.

Although the court's inquiry could end here, for the sake of thoroughness, the court shall now turn to the remaining arguments. The next issue for the court is whether plaintiff has identified a money mandating statute for his claims. In the complaint, plaintiff cites to two statutes, 10 U.S.C. § 1213 and 10 U.S.C. § 1414.

10 U.S.C. § 1213 provides that:

Unless a person who has received disability severance pay again becomes a member of an armed force, the National Oceanic and Atmospheric Administration, or the Public Health Service, he is not entitled to any payment from the armed force from which he was separated for, or arising out of, his service before separation, under any law administered by one of those services or for it by another of those services. However, this section does not prohibit the payment of money to a person who has received disability severance pay, if the money was due him on the date of his separation or if a claim by him is allowed under any law.

As defendant correctly points out, this statute is not money mandating. Rather, it ensures that for service members "separated for physical disability from their service and paid disability severance pay, such payment shall act as a cut-off for the service prior to such separation and, in general, provides that such service shall not again be paid for by the Government under any provision of law." H.R. Rep. No. 779, at 36 (1949); S. Rep. No. 733, at 29 (1949). Accordingly, the purpose of this statute is to prohibit the payment of funds in certain situations, not mandate money in actions against the government. The last sentence of the statute explicitly provides that another law must be claimed in order to qualify as an exception.

Additionally, 10 U.S.C. § 1414 reads in pertinent part:

Subject to subsection (b), a member or former member of the uniformed services who is entitled for any month to retired pay and who is also entitled for that month to veterans' disability compensation for a qualifying

service-connected disability (hereinafter in this section referred to as a "qualified retiree") is entitled to be paid both for that month without regard to sections 5304 and 5305 of title 38.

10 U.S.C. § 1414(a)(1). The statute, enacted in 2004, generally allows that in certain situations, a retired service member may receive both retired pay and veterans' disability compensation. Plaintiff asserts that he "claims retirement and disability benefits from 2004 only" and that there is no retroactive application sought for years before the statute was enacted. Response at 12. Plaintiff believes that he is a qualified retiree under the statute because "he is a former member of the uniformed services and entitled to retirement benefits since he was transferred to the Retired Reserve effective February 1, 1991. *Id.*

Plaintiff's argument that 10 U.S.C. § 1414 applies in this cases rests on the faulty assumption that Cdr. Deemer is entitled to retirement pay. As discussed *infra* in greater detail, plaintiff is ineligible for age-based retirement pay because he elected to receive a lump sum disability severance payment upon separation from the Navy rather than enter the retired reserve and wait until his 60th birthday to receive retirement payments. Accordingly, plaintiff has failed to cite to a statute mandating pay that is applicable in the instant case.

Finally, the court agrees with defendant and finds that plaintiff has failed to state a claim upon which relief can be granted because Cdr. Deemer is ineligible to receive retirement pay. It is undisputed that Cdr. Deemer was given a choice as to how he wished to proceed in light of his disabling condition: he could either receive a lump sum disability severance payment of $98,942.40 and be separated from the Navy, or he could have elected transfer to the Retired Reserve, where he would begin to receive age-based retirement payments upon reaching his 60th birthday. Plaintiff voluntarily elected the lump sum payment, and at that point, any right to age-based retirement payments was extinguished. Department of Defense Instruction ("DODI") 1332.18 states that "[w]hen disability severance pay is accepted, the Service member forfeits all rights to receive retired pay pursuant to chapter 1223 of Reference (c) at age 60. There are no provisions pursuant to Reference (c) to repay disability severance pay to then receive retired pay." DODI 1332.18 Encl. 3, Appx. 6, ¶ 5(c)(3)(b). Furthermore, this court has consistently held that acceptance of disability severance terminates a service member's right to age-based retirement pay. *See Barnick v. United States*, 80 Fed. Cl. 545, 557 n.10 (2008) ("When [plaintiff] made his election to accept severance pay, in lieu of retirement pay, he waived any right to a military retirement."); *Shelkofsky v. United States*, 110 Fed. Cl. 15, 17 (2013) ("Electing severance pay in lieu of retirement pay waives any right to military retirement."). Although it may not have been plaintiff's choice to be separated from the Navy, he was certainly given a choice as to how he would receive future payments. Plaintiff opted to receive a one-time sum as compensation. While it is unfortunate that plaintiff now appears to regret his decision, that simply is not enough for the court to

disturb well-settled law and find that he is entitled to age-based retirement pay on top of a disability severance.

Plaintiff attempts to get around this limitation by arguing that, because he was transferred to the retired reserve after his separation from the Navy, this brings him under the ambit of 10 U.S.C. § 1213 as "a person who has received disability severance pay [who] again becomes a member of an armed force." Response at 10. Although, for reasons unknown, the Navy sent Cdr. Deemer a letter on September 16, 1991 indicating that his request to be transferred to the Retired Reserve had been approved (Cdr. Deemer was, at this time, a civilian due to his discharge from the Navy upon receiving disability severance), the letter also indicated that his transfer "was without pay or allowances authorized by reference (b)." In the context of the letter, reference (b) is Title 10, U.S. Code, Chapter 67. This has since been changed to 10 U.S.C. Chapter 1223, the section that concerns retired pay for non-regular (reserve) service. This letter plainly shows then that, although the Navy transferred Cdr. Deemer to the Retired Reserve, it intended for him to not receive any additional retired pay as a result of the transfer. This is logical because, as previously stated, Cdr. Deemer's acceptance of disability severance eliminated his ability to later receive age-based retirement pay. Thus, even though Cdr. Deemer may technically have been part of the Retired Reserve starting in 1991, he was not entitled to any of the retired pay benefits typically afforded to the position.

### IV. CONCLUSION

For the reasons set forth above, the court finds that plaintiff's claims are barred by the statute of limitations. Furthermore, the court finds that plaintiff, by choosing to accept a lump sum disability severance, is ineligible to receive age-based retired pay. Accordingly, defendant's MOTION to dismiss is GRANTED. The Clerk is hereby directed to take the necessary steps to dismiss this matter. No costs.

**IT IS SO ORDERED.**

s/*Robert J. Yock*

Robert J. Yock
Senior Judge